## OLIVE M. WILLIAMS (NOW GOODING) v. ARTHUR FREDERICK WILLIAMS.[1]

March 29, 1946.

No. 34,117.

*Brophey & Brophey,* for appellant.
*Emil Wheeler,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order releasing defendant from past payments due as support money for a minor child under a former order and decree of divorce.

On September 25, 1937, Olive M. Williams (now Olive M. Gooding) began an action for divorce on the grounds of desertion. Defendant, Arthur Frederick Williams, was personally served. The case was tried as a default divorce, and a decree of divorce was entered on the same day.

The decree required defendant to pay to plaintiff the sum of five dollars per week for the support of the minor child of the parties.

[1]Reported in 22 N. W. (2d) 212.

Notice of entry of the decree of divorce was never served on defendant. Until March 21, 1945, defendant failed to pay any installments.

On that date, plaintiff brought a separate action against defendant to collect the unpaid installments amounting to $1,800 plus interest. That action is still pending.

In April 1945, defendant served a notice of motion asking for an order modifying the divorce decree and setting aside the unpaid installments. The court ordered the back payments set aside and changed the support money payment from five dollars a week to $20 a month for the future.

Plaintiff appeals from the order granting the above relief. The issues here are whether defendant had to be served with notice of the decree and, if not, whether the court had the power to set aside accrued payments and decrease the periodic support payments for the future.

■ A judgment is notice to the parties from the time of its entry. Holmes v. Campbell, 13 Minn. 58 (66). Defendant was personally served with the summons and complaint and was, therefore, within the above rule.

■ Since action of the lower court cannot. be sustained on the theory of lack of notice, the issue is whether its action constituted an abuse of discretion in cancelling arrearages and lowering periodic payments of support money for the minor child. That precise issue was dealt with by this court in Quist v. Quist, 207 Minn. 257, 290 N. W. 561, and it was there held that, in the absence of evidence showing a change in the defendant's circumstances whereby he was financially unable to make the payments ordered, the court abused its discretion in cancelling arrearages and lowering the amount of the periodic support money. It is true that in the case at bar defendant has remarried and voluntarily incurred other liabilities. In the Quist case, remarriage and voluntary assumption of other responsibilities were specifically held not to be such a circumstance as to warrant the relief granted. In this case, there is no evidence of a change in defendant's circumstances except the remarriage

mentioned above, so the court went beyond judicial discretion in making the order appealed from.

Order reversed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.