## NOREEN NELLIE WEINAND, NOW KNOWN AS NOREEN NELLIE NORCROSS, v. EDWARD GEORGE WEINAND.

175 N. W. (2d) 506.

March 13, 1970—No. 41706.

*James V. Beal,* for appellant.

*Charles Rubenstein,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Frank T. Gallagher, and Theodore B. Knudson, JJ.

Frank T. Gallagher, Justice.

This is an appeal from a judgment of the district court allowing plaintiff, Noreen Nellie Norcross, formerly Noreen Nellie Weinand, to recover $7,010 of accrued child-support payments from defendant, Edward Weinand.

Plaintiff and defendant were married sometime prior to 1951 (the exact date does not appear in the record) and are the parents of three minor children, Norman, Shelley, and Dale. Plaintiff and defendant were divorced on June 25, 1963, by a decree of the District Court of Anoka County. The decree provided that plaintiff was to have custody of the children, subject to the visitation rights of defendant. It also provided that defendant was to pay plaintiff $10 per week per child ($30 per week total) for child support.

Defendant made no support payments after October 7, 1963. On March 23, 1967, plaintiff filed a complaint in Hennepin County District Court praying judgment for the accrued support payments from October 7, 1963, to date, which at that time totaled $6,540. The case was tried on May 20, 1968.

At the trial defendant admitted that he had made no payments since October 7, 1963, but contended that he was not liable for the accrued support payments because the children had been provided for, first by plaintiff, and then by her second husband, because defendant was unable during this period to make the payments. In support of his contention he proved that his income varied during this time from $4,500 in 1964 to $5,345 in 1966, but that his income represented only 6 months' work each year. He was a sheet metal worker and did not work in the winter. He did nothing to find other work in the winter because his union did not allow him to take employment covered by other unions. Defendant had remarried and was supporting his second wife and two of her four children.

The jury, in a special verdict, found that between October 7, 1963, and the date of trial defendant was unable to make all of the support payments from his actual earnings; that he could

have paid $1,700; and that he would have been able to make the payments if he had obtained employment during the winter layoffs.

The trial court ordered judgment for plaintiff allowing her full recovery. In a memorandum the trial court stated that an independent action for support may be maintained by the wife, citing Koch v. Koch, 196 Minn. 312, 264 N. W. 791 (allowing independent action by wife for accrued alimony on the ground it was like another debt). The trial court held that the husband's inability to make the payments was no defense. Ginn v. Ginn, 108 Ind. App. 553, 31 N. E. (2d) 65; Lufkin v. Lufkin, 209 Cal. 710, 290 P. 8. The court found that defendant would have been able to pay if he had tried to find employment during his layoff periods.

On appeal defendant contends (1) that the finding that he could have obtained additional employment was in effect an order for him to do so and that a court may not order a man to find specific employment in order to pay child support; (2) that to enter a judgment for accrued child support, it is necessary to find that defendant had the ability to make these payments, and the jury found he did not have the ability; (3) that the court abused its discretion in the manner in which it submitted the questions of the special verdict.

■ In Hopp v. Hopp, 279 Minn. 170, 156 N. W. (2d) 212, this court stated that in civil contempt proceedings the trial court could not order defendant to work at a specific job or to conduct his business in a specific manner. But we did recognize that the trial court could refuse to accept defendant's inability to perform as an excuse for failure to comply if it is satisified that the party directed to pay has not made a reasonable effort by means of his own election to conform to an order within his inherent, but unexercised, capacities.

Defendant contends that the finding of the trial court that he could have paid if he had worked during layoff periods was in

effect a requirement that he seek additional employment and that this was beyond its power. We reject this contention.

First, we do not believe that the effect of the finding is to require defendant to seek additional employment. This was not a contempt proceeding, as Hopp was, but an independent action. The judgment entered will be satisfied—as any other civil judgment is—by execution, not contempt proceedings. If defendant does not have the funds or assets to satisfy the judgment, there is nothing the court can do. Therefore, it does not have the effect of requiring defendant to seek additional employment.

Secondly, the court in Hopp did recognize that even in contempt proceedings a claim of inability to pay does not always have to be accepted. Here, the trial court found that defendant possessed the ability to obtain employment in the layoff periods and could have made the support payments. This does not require him to seek a specific employment. It merely recognizes that a father may not refuse to work in order to avoid making support payments.

■ Defendant also contends that to find him liable for the support payments it is necessary to find he had the ability to pay them as they came due. This would be a correct statement of the law if this were a contempt proceeding. Hopp v. Hopp, *supra*. This is because in a civil contempt proceeding defendant is placed in jail until he performs, and if he does not have the ability to perform, he cannot be placed in jail. But here plaintiff brought an independent action for the accrued support payments. If defendant does not pay, he will not be placed in jail. Plaintiff is entitled to the support payments and getting a judgment will aid in enforcing payment. Under these circumstances, whether defendant was able to pay in the first instance is immaterial.

The trial court recognized that defendant's remedy, if he was unable to make the payments, was to apply to the court which had ordered the support and ask for a reduction of the payments. In that proceeding his ability to pay would be material. The trial court also stated that it would consider reducing the

amount of recovery if the court which had ordered the support reduced the payments and made the order for their reduction retroactive. Therefore, defendant, when he has done nothing to get the payments reduced, may not argue in the independent action that he does not have the ability to pay.

It should be recognized that one of defendant's excuses for being unable to pay is that he remarried and is supporting his second wife and two of her children. In Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203, we recognized the husband's right to remarry but stated that he cannot in good faith ask his former wife and their children to share the newly assumed burden.

■ Finally, defendant contends that questions 3 and 4 of the special verdict assume facts not in evidence. Those questions are:

"3. Would the defendant have been able to pay periodically all the support payments to the plaintiff during the period from October 7, 1963, to this date if he had been able to obtain employment during his layoff periods and had also used his actual earnings? Answer Yes or No: . . . .

[Jury answer: Yes]

"4. If your answer to Question 3 is 'No,' then state what amount, if any, the defendant would have been able to pay in the aggregate towards the support of his three children during the period from October 7, 1963, to the present date from his actual earnings and from such potential supplementary earnings, having in mind that the aggregate amount required to be paid by the divorce decree was $7,010. $ . . . .

[Jury answer: No response.]"

Because we have held that the ability to pay is not a defense in an independent action for accrued support payments, defendant could not have been in any way prejudiced by the questions put to the jury. Even if the jury had answered question 3 in the negative, defendant would be liable for the entire amount of accrued support payments and the court would have been bound to give judgment for the plaintiff.

Under these circumstances we find that it was not error for the court to submit to the jury questions 3 and 4 of the special verdict.

Affirmed.