**Judith A. BARTH (now "Lindberg"),**
**Respondent,**

v.

**John B. BARTH, Appellant.**

No. C3–84–390.

Court of Appeals of Minnesota.

Oct. 23, 1984.

John E. Daubney, St. Paul, Thomas Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Emmett D. Dowdal, White Bear Lake, for appellant.

Heard, considered, and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

John B. Barth appeals from two orders of the Ramsey County Family Court regarding his child support obligations from two marriages. The court entered judgment on arrearages in both files, and found Barth in contempt of court for failure to pay child support to his first wife. Barth claims he is indigent and entitled to court-appointed counsel in civil contempt proceedings. He also contends he is entitled to a rehearing on the two judgments. We affirm the judgments and reverse the contempt order.

## FACTS

Barth is a defendant in two proceedings in Ramsey County Family Court dealing with his obligation to pay child support from two marriages. His first wife was Judy Barth, and his second, Linda Barth. Barth has generally been unemployed since 1971, and claims some disability since January 1982. Neither Ramsey County nor the ex-wives have any record of child support payments from Barth. Barth has no record of payments, though he claims some were made in the early 1970's. The files have occasionally been combined for hearings in collection attempts.

A hearing on both cases was scheduled for December 6, 1982, pursuant to a stipulation between Barth and the Ramsey County Attorney's office. Another hearing was then scheduled for January 5, 1983, on Judy's motion to hold Barth in contempt of court. Barth claims he was told by someone in the Ramsey County Attorney's office that both hearings would be combined on January 5. Neither he nor Judy appeared on December 6. However, a financial investigation was presented to the court at that time by the Department of Court Services. As a result of the December 6 hearing, the family court referee issued a recommendation finding Barth in arrears in the approximate amount of $7,500 on each file. The family court judge ordered judgment in the recommended amount in an order dated January 17, 1983. Judgment was entered that day.

Barth was served with an order to show cause to appear at the January 5, 1983, hearing. The motion requested that Barth be found "in contempt for willfully failing

and refusing to make support payments, although financially capable of doing so, since May of 1971." Barth claims he thought the hearing was to determine his arrearages only, and appeared pro se. He says he was not informed of his right to counsel, nor of the possibility of incarceration. The transcript does not show a discussion of either issue. Barth testified to his disability, with a letter from his chiropractor to corroborate his testimony, and to his lack of funds. His current wife supports him financially.

A second family court referee heard the January motion. He apparently was unaware of the December 6 hearing. On April 4, 1983, he issued an order finding arrearages due Judy in the amount of approximately $7,500. He recommended judgment entered on $6,000, forgiving the rest. The time period of the arrearages fully overlaps that of the judgment entered on the December 6 findings.

The second family court referee further found Barth had the current capacity to pay, and held him in constructive civil contempt of court. He recommended a sentence of sixty days in the workhouse unless Barth paid $1500 towards his arrearages by May 13, 1983, and further conditioned incarceration on weekly payments thereafter. The family court judge signed the order, and judgment was entered April 4.

Barth then retained counsel, who served a notice of review of the April 4 recommended order and findings. Arguments were presented to the family court in June. On January 27, 1984, the family court judge affirmed the April 4 order because Barth failed to provide a transcript in accordance with the rules.

The family court judge issued an amended order on February 14, 1984. He stated that he had learned of the January 17, 1983 order sometime after January 27, 1984, as it apparently was placed in Linda's file rather than in Judy's where it belonged. The February 14 order vacated the judgment for arrearages due Judy that was based on the January 17 order, but reaffirmed Judy's $6,000 judgment based on

the April 4 findings. The family court judge also reaffirmed the finding of contempt, granting an additional stay for payment until March 1, 1984. This appeal followed.

## ISSUES

1. Whether an indigent defendant is entitled to court-appointed counsel in a civil contempt proceeding for nonsupport?

2. Whether it was an error of law for the trial court to enter judgment on the arrearages, and fail to grant a joint rehearing on both cases?

## ANALYSIS

■ 1. At oral argument, counsel stipulated that the issue regarding court-appointed counsel would be controlled by the decision in *Cox v. Slama*, 355 N.W.2d 401 (Minn.1984), then pending before the Minnesota Supreme Court. In *Cox*, released October 5, 1984, the court held that an indigent defendant is entitled to court-appointed counsel when it becomes evident at the contempt hearing that incarceration is a "real possibility." At that time, the trial court shall then suspend the hearing and determine if the charged parent desires counsel, and, if so, if the parent is indigent.

■ Clearly incarceration was a "real possibility" for Barth, since the judge subsequently ordered it. Barth was entitled to a hearing on his claim of indigency and appointment of counsel if Barth qualified before that order was entered.

2. Barth claims that the confusion surrounding the two files affected the referees' recommendations and requires a joint rehearing. He further objects to the vacation of an order which was not appealed, and alleges that the money judgment and contempt are mutually exclusive remedies.

■ The referees' recommendations are not in conflict. The January 17 order covers two files. The April 4 order simply provides an additional remedy of contempt on one file. These are separate remedies with different standards. Contempt re-

quires a showing that the obligor had the ability to pay. Judgment on a child support obligation may be had whether or not the obligor had the ability to pay. *Weinand v. Weinand,* 286 Minn. 303, 306–307, 175 N.W.2d 506, 509 (1970). While the trial court might have elected to treat the motions for contempt and judgment in the alternative, it was not error to fail to do so. *Zieman v. Zieman,* 265 Minn. 190, 121 N.W.2d 77 (1963).

█ The January 17 order did not specifically find an ability to pay because that finding is not required for a judgment. The April 4 order did find a current ability because that is required for contempt. Both referees found that no payments had ever been made. Barth's only possible remedy before judgment was to apply for a reduction in payments. His ability to pay would then have been relevant. Minn.Stat. § 518.64 (1982). Without that attempt, he cannot argue his inability to pay to prevent a judgment. *Id.*

█ Vacating the January 17 order for judgment on Judy's file gave Barth the benefit of the April 4 lower recommended amount of $6,000. Both orders were signed by the same family court judge, and therefore could be amended by him.

### DECISION

At such time as incarceration becomes a "real possibility," Barth is entitled to a determination of his indigency, and the opportunity to be represented by court-appointed counsel, if he is qualified. The judgments on the arrearages were proper.

Affirmed in part, reversed in part, and remanded.