In re the Marriage of Sharon L. HENRY, n.k.a. Sharon L. Prax, petitioner, Respondent,

v.

Donald P. HENRY, Sr., Appellant.

No. CX–84–1648.

Court of Appeals of Minnesota.

June 25, 1985.

Elizabeth A. Ristvedt, St. Cloud, for respondent.

Michael P. Perry, Little Falls, for appellant.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FOLEY, Presiding Judge.

The trial court dissolved the marriage of respondent Sharon Henry and appellant Donald Henry in 1979. In August 1983, the trial court ordered appellant to sell the property, which is the subject of this appeal, with respondent receiving a half interest lien. The order was filed February 29, 1984. On July 11, 1984, the court ordered appellant to show cause why he had not abided by the February order. Appellant appeared before the court pro se, claiming indigency. The court found him in contempt and ordered that title to the real estate was vested in respondent. The property was to be sold immediately with the proceeds divided equally between respondent and appellant. The court also awarded respondent $7,300 in prior attorney fees. This appeal is taken from the trial court's order.

## FACTS

The judgment dissolving the marriage of respondent Sharon L. Henry and appellant Donald P. Henry was entered May 29, 1979. Since that time the parties have been before the court several times trying issues of unpaid child support and disposition of real estate in the property settlement. The initial dissolution judgment gave title to the real estate in question, which was subject to a contract for deed, to respondent; appellant was to receive one half of the payments. In May 1980, the court ordered appellant to execute a quit claim deed to respondent and granted appellant an equitable lien for half of the value of the property. In August 1982, after the vendees had defaulted on the contract for deed, a stipulation of settlement was entered. The parties agreed to hold the property as tenants in common. Appellant was to arrange for a sale of the property; respondent received a lien for $39,500.

On May 4, 1983, respondent served a motion on appellant's counsel requesting that the court establish the interests of the parties in the property and give respondent the right to list and sell the property. On May 16, 1983, in violation of the stipulation agreement, appellant sold his half interest and respondent's half interest in the property under a contract for deed to his present wife. Respondent refused to execute the contract for deed. Subsequently, appellant gave a warranty deed for the property to his present spouse and received a lump sum payment of $20,000.

On August 5, 1983, the court ordered appellant to list the property immediately and sell it under the same terms agreed to in the 1982 stipulation. Order for judgment was filed February 29, 1984.

On July 11, 1984, the court issued an order requiring appellant to show cause:

1. Why he should not be held in contempt for failure to abide by the court's amended judgment and decree dated February 29, 1984, in that he failed:

(a) to list for sale the property in question;

(b) to pay child support as ordered and bring arrearages up to date;

2. Why he should not pay punitive damages and attorney's fees for his attempt-

ed fraudulent conveyance of the property to his present wife and requiring the matter to be brought before the court again;

3. Why he and his present wife should not be required to resolve any clouds on the title of the property in question.

Appellant appeared before the court on July 25, 1984, pro se and told the court he could not afford an attorney. During various times in proceedings covering five years, appellant was represented by three different lawyers. At other times he elected to represent himself.

The district court found appellant in contempt and sentenced him to 90 days in jail, but stayed the sentence upon the following conditions:

1. Within 30 days the appellant give a quit claim deed to respondent for the property in dispute;

2. Within 30 days appellant pay $1,200 child support arrearages;

3. Appellant continue to pay child support as previously ordered.

In addition to the contempt order, the court awarded respondent $7,300 in prior attorney fees incurred as a result of appellant's failure to pay child support and his attempt to circumvent the court's orders. The court ordered that the title to the real estate is vested in the respondent, that the attempted conveyance between appellant and his present wife was fraudulent, that respondent should list the property for sale immediately and the proceeds of the sale be divided equally between respondent and appellant.

## ISSUES

1. Did the trial court err in proceeding with the contempt hearing when appellant was not represented by counsel?

2. Did the trial court err in awarding retroactive attorney fees to respondent?

3. Did the trial court err in changing a prior property disposition?

## ANALYSIS

1. Appellant claims that at the time of the contempt hearing, he could not afford an attorney and so informed the court. Appellant contends that the court should have remanded the case for a hearing on his indigency, rather than continuing with the contempt proceeding.

■ The Minnesota Supreme Court held that an indigent parent is entitled to counsel in a contempt hearing for nonsupport at that point where incarceration is a "real possibility." *Cox v. Slama*, 355 N.W.2d 401, 403 (Minn.1984). Incarceration is a real possibility if the judge, in fact, subsequently ordered it. *Barth v. Barth*, 356 N.W.2d 743, 745 (Minn.Ct.App.1984).

■ At the point when incarceration is a real possibility, the trial court should immediately suspend the hearing to determine if the parent desires counsel. If the parent claims that he cannot afford counsel, the court should determine indigency by applying the standard enumerated in Minnesota Rules of Criminal Procedure 5.02, subd. 3. If the court determines the parent is indigent, it must provide counsel. *Cox* at 403–404.

■ Here, incarceration was a real possibility since, like *Barth*, the court subsequently ordered it. Appellant was entitled to a hearing on his claim of indigency and appointment of counsel if he qualified before the contempt order was entered. The court failed to make the required factual inquiry into appellant's indigency claim.

■ While we reverse on the issue of failure to determine indigency before proceeding with the civil contempt hearing, this decision does not affect the trial court's independent determinations regarding attorney fees and child arrearages.

The latter issues have been before the court in repeated legal proceedings, ones during which appellant was represented by counsel. The trial court had sufficient separate bases for these orders, apart from a formal indigency inquiry. To delay further the resolution of attorney fees and child arrearages while the court below deter-

mines appellant's indigency would prejudice the respondent inequitably.

2. Consequently, we find that the district court did not err in awarding retroactive attorney fees to respondent. The trial court has broad discretion to grant attorney fees in a marriage dissolution. *Lappi v. Lappi*, 294 N.W.2d 312, 316 (Minn.1980). Respondent indicated in her motion of May 4, 1984, requesting the court to establish the parties' interests in the real estate, that she would seek attorney's fees based on appellant's bad faith. Respondent sought these fees under Minn.Stat. §§ 549.21 (1984) and 518.14 (1984).

■ Upon a motion of a party, the court in its discretion may award to that party reasonable attorney fees if the party against whom fees are charged acted in bad faith or committed a fraud upon the court. Minn.Stat. § 549.21. Award of attorney fees under this statute can only be upset upon a finding of abuse of discretion by the trial court. *National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704 (Minn.Ct. App.1984).

■ The district court had before it a record of ongoing proceedings to resolve the sale of real estate, as well as motions to compel appellant to pay child support. Appellant sold property to his present wife while a proceeding was pending to determine the parties' interests in this property. He also subsequently failed to comply with a court order requiring him to sell the disputed property according to the terms of a prior stipulation. Such conduct was a flagrant violation of the district court's order.

We also note that the fact that appellant was not represented in his contempt hearing did not prejudice his position on the attorney fees issue. Throughout these multiple legal proceedings, appellant was on many occasions represented by counsel: in 1980 when he sought reduction of child support and again in the same year when he sought to block respondent's motion to change the residence of their minor children, repeatedly in 1982 and 1983 in the

ongoing property dispute, finally, in 1983 when the court ordered appellant to sell the property immediately and divide the proceeds equally with respondent. Given the standard of review, the district court did not abuse its discretion in awarding attorney fees to respondent.

3. The district court did not err in modifying the stipulation regarding the sale of real estate. However, the court was without jurisdiction to order appellant to reconvey title to his half interest in the property to respondent since appellant had already sold this interest, contrary to the stipulation, to his second wife.

■ Appellant argues that the modification of the disputed property settlement constituted a change in the property settlement. The court may not set aside the property settlement in a final dissolution judgment and decree unless circumstances amount to fraud, mistake or duress. *Schack v. Schack*, 354 N.W.2d 871 (Minn. Ct.App.1984). However, the court here did not set aside or alter the original property settlement. In the initial judgment, respondent received title to the property, subject to a contract for deed. Appellant was entitled to half of the payments.

■ According to a stipulation three years later, the parties held the property as tenants in common; appellant was to arrange for a sale, subject to respondent's lien for half the proceeds. The court's order under appeal returns the right to sell the property to respondent and divide the proceeds equally with appellant. Throughout the proceedings, the parties have had an equal interest in the real estate. The court has not modified the division of interest in the property settlement; it has merely returned the right to sell the property to the respondent in order to resolve the disposition of this property.

■ However, the court's order requiring the appellant to reconvey full title to the property to respondent so that she may sell it is not enforceable. The court ordered that the attempted transfer between appellant and his second wife was fraudu-

lent and not valid since at the time appellant had only a lien on the property. Appellant's second wife was not a party to these proceedings. Neither this court nor the trial court can issue an enforceable order against one not a party.

For respondent Sharon Henry to obtain full relief with respect to her rights in the real estate requires a separate action in which the second wife, as well as appellant would both be indispensible parties. At oral argument, appellant's attorney assured the court that the real estate would remain "as is" pending a final resolution of these matters.

### DECISION

We reverse the trial court's contempt order and remand for rehearing on the factual determination of appellant's indigency. If appellant is, in fact, indigent, the court must appoint counsel before proceeding with the contempt hearing. We reverse the trial court's order granting respondent the right to sell the disputed property until such time as the title is settled.

We affirm the court's orders for appellant to pay child support arrearages and attorney fees. To protect respondent's interests in recovering these fees and arrearages, if the title issue is resolved in a subsequent action, we suggest that the trial court consider ordering a lien in respondent's favor against appellant's half interest in the disputed property.

Affirmed in part, reversed in part and remanded to proceed in accord with this opinion.