**In re the Marriage of Frank COZZI, petitioner, Respondent,**

v.

**Dorothy Mae COZZI, Appellant.**

**No. C1–85–2309.**

Court of Appeals of Minnesota.

July 22, 1986.

Leonard A. Wilson, Jr., Cloquet, for respondent.

James J. Bang, Duluth, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Dorothy Cozzi occupied and operated the parties' motel while attempting to sell the property. When the property had not sold after six years, the trial court ordered that respondent Frank Cozzi take exclusive possession of the property and attempt to sell it. We affirm.

## FACTS

The parties were married in 1972. During the marriage, they acquired the Airliner Motel in Duluth. They lived in the motel and earned their livelihood in part by operating the motel.

### I.

When the parties' marriage was dissolved in 1979, the trial court ordered the motel sold following the provisions of the partition statute, with appellant remaining in possession to operate the motel until the time of sale.[1] The dissolution decree pro-

---

1. The trial court ordered the sale or partition pursuant to section 518.65 of the statutes. Section 518.65 states as follows:

vided that a court-appointed referee would be responsible for arranging the sale and that the property should be sold within six months, with appellant receiving 55 percent of the proceeds and respondent receiving the remaining 45 percent. The decree provided that if a sale of the property was negotiated and the parties could not agree to the sale, the trial court could order the sale "on such terms as are just and equitable." Thus, the language of the decree provides for future action by the parties and the trial court's referee and further intervention by the court.

## II.

The property did not sell in the six month period declared in the dissolution decree. Appellant remained in possession and operated the motel. In July 1985, six years after the dissolution of the parties' marriage, respondent petitioned the court for modification of the dissolution decree. Respondent claimed he had received nothing from appellant's operation of the motel and claimed that appellant had received from the business the amount she would have received had the property been sold. Thus, respondent asked for sole ownership of the property. Appellant submitted an affidavit claiming she had tried to sell the property but all efforts had been unsuccessful. She said she has kept careful records of the motel's operation and that the books have been previously submitted to respondent for his scrutiny. She also said she is ready to "cooperate in any steps which will bring about an early sale of Airliner Motel * *."

The trial court ordered

that the [appellant] shall be and remain in sole and exclusive possession of the real estate known as the Airliner Motel, * * * under all of the terms, requirements and conditions of [the parties' dissolution decree], until the 22nd day of September, 1985; that on said date the

exclusive and sole possession and occupation of said real estate shall be transferred to the Petitioner, who shall then take possession of the premises under the same conditions and under the same requirements as set forth in the [parties' dissolution decree], that is, that the Petitioner shall then effectuate a sale of the premises under terms and conditions acceptable to both parties herein and the net proceeds of the sale of said premises shall be appropriately escrowed pending further Order of the Court with reference to distribution of said proceeds;

[It is also ordered] that in the event of the sale of said premises prior to September 22, 1985 under terms and conditions acceptable and agreeable to both parties hereto, that the proceeds of the sale shall be suitable and reasonably escrowed to be distributed as shall be heretofore ordered by the Court after a full and complete accounting is made to the Court with reference to all monies received by [appellant] as the operator of said facility since the entry of the [parties' dissolution decree], and all disbursements paid by her in connection with said operation.

In August or September 1985, appellant Dorothy Cozzi offered to purchase respondent's share of the property for $25,200, but respondent rejected the offer. In early September 1985, appellant arranged to sell her interest in the property to her daughter, Mary Beth Neault, and her daughter's friend, Ted Tammaro. By the middle of September, appellant had packed her belongings and moved out. At 12 a.m. on September 22, 1985, respondent attempted to take possession of the property. He was met at the door by Ted Tammaro, who told respondent that he had purchased appellant's interest in the property and that he and respondent were therefore business partners. Respondent then left the premises.

In order to effect a division or award of property as is provided by section 518.58, the court may order property sold or partitioned. Personal property may be ordered sold in the manner directed by the court, and real estate may be partitioned in the manner provided by Minnesota Statutes 1949, Chapter 558.
Minn.Stat. § 518.65 (1984).

### III.

Respondent petitioned the court for relief, and the court issued to appellant an order to show cause why she should not be held in contempt for failure to deliver the property to respondent on the previously ordered date. The court also ordered that respondent be placed in exclusive possession of the property, ordered that appellant and her agents or assigns be restrained from interfering with respondent's possession, and ordered appellant to show cause why the dissolution decree should not be modified so as to give respondent fee title to the property. The court stated a conclusion that purchasers of any interest in the property take the interest subject to respondent's right of exclusive possession.

Following a hearing on October 29, 1985, the trial court denied the motion to find appellant in contempt but ordered her to pay $450 in attorney's fees to defray the costs incurred by respondent.

Dorothy Cozzi appeals, claiming the trial court improperly modified the parties' dissolution decree and improperly ordered her to pay attorney's fees.[2]

### ISSUES

1. Did the trial court have the authority, six years after the parties' divorce decree, to order the change in the occupancy of the parties' motel?

2. Did the trial court improperly order appellant to pay $450 in attorney's fees?

### ANALYSIS

 1. Divisions of property pursuant to a dissolution decree are final and may not be modified or revoked unless there are sufficient grounds for reopening the judgment. Minn.Stat. § 518.64, subd. 2 (1984). A court should order the reopening of a judgment only when fraud or perjury caused an erroneous judgment. Id. § 548.-14. Appellant argues that the distribution of the parties' property ordered by the dissolution decree was final and that the trial court improperly ordered modification of that distribution. Respondent argues that the motel was the parties' homestead and that occupancy of a homestead may be subject to modification. See id. § 518.64, subd. 2 (except for occupancy of homestead, divisions of real and personal property are final).

We disagree with appellant's argument. The trial court did not order the redistribution of title to the parties' property. Rather, the court ordered a change in possession of the premises in hopes that respondent would be better able to sell the property. We have previously upheld the authority of the court for such an order, and the trial court's order was proper. See Henry v. Henry, 370 N.W.2d 43, 47 (Minn. Ct.App.1985) (trial court has authority to order a change in possession of property to give other party opportunity to effect a sale). Moreover, it is apparent here that the trial court in 1979 proceeded lawfully under the partition statutes. See Minn. Stat. ch. 558. While in such a case the subject should be withheld from the final judgment on other topics, the statutes provide for continuing jurisdiction over the parcel to be partitioned until it is divided, sold, divided subject to a setoff, or until provision is made for permanent alternating occupancy. Minn.Stat. § 558.12, §§ 558.14—558.31 (1984).

In addition, both parties acknowledge that the property involved here was the parties' homestead. The occupancy of the homestead of the parties to a dissolution action is subject to the continuing jurisdic-

2. Under the Rules of Civil Appellate Procedure, no appeal from a judgment may be taken more than 90 days after the judgment is entered. Minn.R.Civ.App.P. 104.01. Appeal from an order will not be taken more than 30 days from the appellant's service upon an adverse party of written notice of filing of the notice of appeal. Id. Thus, once a final order is filed, under the language of the rule, no limitation period for review begins to run until the appellant has served the adverse party with the notice of filing. In this case, appellant waited four months after the final order of July to serve respondent with the written notice of filing. Following the rules of appellate procedure, we review the case despite appellant's delay in serving respondent with a notice of filing.

tion of the court. Minn.Stat. § 518.63 (1984); *id.* § 518.64, subd. 2.

2. The trial court has such broad discretion in the awarding of attorney's fees that a reviewing court will rarely reverse the trial court on that issue. *Rosenberg v. Rosenberg,* 379 N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Feb. 19, 1986). The trial court in this case ordered appellant to pay $450 of respondent's attorney's fees. The court could reasonably have concluded that appellant, who has worked continually in the motel since the dissolution, was in a better position than respondent to afford attorney's fees. Furthermore, the trial court could have reasonably determined that appellant acted in bad faith and in apparent derogation of the court's order when she sold her interest in the property. Such a determination would have justified the court's awarding of attorney's fees. Minn. Stat. § 549.21. Therefore, the trial court's award of attorney's fees was proper.

## DECISION

The trial court did not err when it ordered the change in occupancy of the parties' property pending sale of the asset. The trial court has broad discretion in the award of attorney's fees and did not err by awarding attorney's fees to respondent.

Affirmed.