Jean D. DAVIS, Respondent,

v.

Roger A. DAVIS, Appellant.

No. C5-86-427.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Paul H. Tanis, Jr., MacKenzie, Gustafson & Lucas, St. Peter, for respondent.

Bradley J. Martinson, Martinson, Schwartz & Corey, P.A., Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a third amended judgment modifying child support payments and awarding respondent her costs, disbursements and attorney fees. Appellant claims the trial court's findings were insufficient to justify the child support increase or the award of attorney fees. We affirm in part, reverse in part and remand.

## FACTS

Appellant Roger A. Davis and respondent Jean D. Davis were divorced on February 26, 1975. Respondent received custody of the parties' two minor children and the right to live in the homestead subject to an interest free lien in favor of appellant. On June 18, 1976, the judgment and decree was amended to require appellant to pay $75.00 per month per child in support. On July 27, 1977, appellant's support obligation was increased to $100.00 per month per child.

On May 27, 1985, respondent moved for an upward modification of child support pursuant to Minn.Stat. §§ 518.64 and 518.641 (1984). A hearing was held on August 29, 1985 where evidence was introduced concerning the relative increases in the parties' income, the childrens' needs and cost-of-living adjustments.

On October 17, 1985, the trial court issued findings of fact and an order. The trial court did not compare the parties' current income with their earnings at the

time of the last amended judgment in 1977. Instead, the court compared current income with earnings at the time of dissolution in 1975. Specifically, the trial court found respondent's annual income increased from $10,800 gross income at the time of dissolution in 1975 to $23,178.24 net income at the time of the hearing. Her current net monthly income was $1931.52 from her employment as a nurse at Immanual-St. Joseph's Hospital in Mankato, Minnesota.

The trial court found appellant's annual income increased from $16,500 gross income at the time of dissolution to $39,975.36 net income at the time of the hearing. His current net monthly income was $2721.33 from his employment as an urban planner at Johnson Brothers. Corporation in Litchfield, Minnesota. In addition, appellant received $270.00 per month car allowance from his employment and $340.00 per month rental income totalling $3331.33 net income per month.

The trial court also found the needs of the parties' two minor children, now teenagers, had substantially increased since the time of the marriage dissolution. The eldest child requires special tutoring due to a learning disability. The court found additional increased costs in entertainment and clothing, along with anticipated increases in driving-related expenses.

Finally, the trial court found a change in the cost-of-living as measured by the Federal Bureau of Statistics. Respondent's expert witness, Ann Poehler, a child support collection officer for Nicollet County, testified the cost-of-living had increased in excess of 100% since the date of dissolution.

Based on the evidence, the court found substantial change in circumstances rendering the previous obligation unreasonable and unfair. The court increased appellant's obligation from $200.00 per month to $999.40 per month by multiplying appellant's current net income by the 30% factor in the child support guidelines pursuant to Minn.Stat. § 518.551 (1984). The increase was ordered effective September 1, 1985 through the emancipation of the eldest child on May 31, 1986, at which time the support obligation drops to $830.00 per month. The trial court also awarded respondent her costs and attorney fees totalling $1092.40 to be paid by December 1, 1985. The third amended judgment reflecting the October 17, 1985 findings of fact and order was entered December 16, 1985.

At the time of the hearing, appellant was remarried and lived with his current wife, his wife's child, and three children of the marriage. In his November 1985 affidavit, submitted subsequent to the hearing but prior to the third amended judgment, appellant states he is unemployed and unable to meet his child support obligations or pay arrearages.

## ISSUES

1. Are the trial court's findings sufficient to justify the child support increase?

2. Did the trial court abuse its discretion by awarding respondent costs and attorney fees?

## ANALYSIS

1. It is well established that the decision to modify a child support order lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). This discretion, however, must be exercised within the limits set out by the legislature. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (citation omitted).

A child support order may be modified upon a showing that a substantial change in circumstances has made the original terms unreasonable and unfair. *Blomgren v. Blomgren,* 367 N.W.2d 918, 920 (Minn.Ct.App.1985). Minn.Stat. § 518.64, subd. 2 (1984) defines those circumstances justifying modification:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or de-

creased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children * * *.

*Id.*

In this case, the trial court specifically found substantial increase in earnings of both appellant and respondent. In addition, the court found substantial increase in the needs of the children, now teenagers, and in the cost-of-living in excess of 100% since the date of dissolution.

> Once a party proves the existence of any one of the four statutory grounds for modification the trial court must then address the question of whether the original child support terms are unreasonable and unfair as a result.

*Derence v. Derence,* 363 N.W.2d 86, 88 (Minn.Ct.App.1985). After finding substantial change in circumstances, the trial court concluded

> that child support in the amount of $200.00 per month, as established by the original Dissolution Decree, is unreasonable and unfair as it does not allow the children to enjoy the benefit of the increased household income of both parties to this action.

The trial court's conclusion reflects the "legislative determination that children are entitled to benefit from the income of the non-custodial parent and to enjoy the standard of living that they would have had if the marriage had not been dissolved." *Letourneau v. Letourneau,* 350 N.W.2d 476 (Minn.Ct.App.1984). In making detailed findings regarding substantial change and the unfairness of the original support obligation, the trial court has properly complied with the statutory requirements justifying modification. *See Moylan,* 384 N.W.2d at 863; *Derence,* 363 N.W.2d at 88.

In determining the amount of modification, the trial court directly applied the child support guidelines, without further findings. "While the guidelines apply to all custodial cases, they are only guidelines and are not mandatory." *Moylan,* 384 N.W.2d at 867 (Yetka, J., concurring specially). To avoid blind adherence to the guidelines, "all child support awards must be supported by detailed findings of fact." *Id.* at 860.

Minnesota Statutes section 518.17, subd. 4 requires a trial court to consider "all relevant factors" when establishing a child support obligation, including:

> (a) The financial resources and needs of the child;
>
> (b) The financial resources and needs of the custodial parent;
>
> (c) The standard of living the child would have enjoyed had the marriage not been dissolved;
>
> (d) The physical and emotional condition of the child, and his educational needs; and
>
> (e) The financial resources and needs of the non-custodial parent.

Minn.Stat. § 518.17, subd. 4 (1984). The court must also recognize the child support guidelines take into account the following factors:

> (1) all earnings, income, and resources of the obligor including real and personal property;
>
> (2) the basic living needs of the obligor;
>
> (3) the financial needs of the child or children to be supported; and
>
> (4) the amount of the aid to families with dependent children grant for the child or children.

*Id.* § 518.551, subd. 5.

> The court will thus have to balance all of these factors in the findings before determining the appropriate amount of child support in each case.

*Moylan,* 384 N.W.2d at 864.

The trial court's findings in this case fail to reflect consideration of the financial needs of the non-custodial parent under Minn.Stat. § 518.17, subd. 4(e). Although

the trial court's findings relevant in determining the need for modification under Minn.Stat. § 518.64 overlap those factors listed under section 518.17, the modification factors do not specifically address the non-custodial parent's needs.

At the time of the hearing, appellant was married with four additional children. Although children by a second marriage are not to be factored into the child support guideline tables, they are "relevant to a trial court's decision" in a child support modification proceeding. *Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986). Between the hearing and the third amended judgment, appellant became unemployed and states he is unable to meet his current child support payments and has no funds to liquidate to pay arrearages. Further findings are necessary to determine the amount of his income.[1]

The trial court must also make further findings regarding increases in the parties' income from the time of the last amended judgment in 1977. The court improperly determined increases from the time of dissolution in 1975. The trial court also failed to make specific findings with respect to any independent financial resources of the children according to Minn.Stat. § 518.17, subd. 4(a).

On remand, the trial court may also consider the non-cash contribution of the fair rental value of that portion of the home-stead reflected by the amount of appellant's lien. "[S]uch noncash contributions can be considered in some cases to be in the nature of child support." *Moylan*, 384 N.W.2d at 865.

2. The parties request correction of a clerical error in the third amended judgment regarding the date of the eldest child's emancipation. The May 31, 1986 date should be corrected to September 16, 1986 when the child will reach legal age. *See Yackel v. Yackel*, 366 N.W.2d 382, 385 (Minn.Ct.App.1985).

3. Allowance of attorney fees in a dissolution case rests almost entirely within the discretion of the trial court. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). In making this determination, a trial court must consider the "financial resources of both parties." *Kennedy v. Kennedy*, 376 N.W.2d 702, 705 (Minn.Ct.App.1985). The standard for determining the propriety of an award of attorney fees is "a party's need for financial assistance to enable him to protect his rights in dissolution proceedings." *Frederiksen v. Frederiksen*, 368 N.W.2d 769, 778 (Minn.Ct.App.1985).

Although the trial court made no specific finding regarding respondent's need for financial assistance to protect her rights, the trial court did make specific findings concerning respondent's financial status and the increased needs of the children. The trial court also made specific findings concerning appellant's financial status. Given the trial court's wide discretion in this matter, the findings support respondent's award of attorney fees. *Compare Wende v. Wende*, 386 N.W.2d 271, 276 (Minn.Ct.App.1986). We decline, however, to award additional fees on this appeal.

4. Appellant also claims arbitrary application of the guidelines violated his constitutional rights of due process and equal protection. Because we remand for further findings, we need not reach the constitutional issues.

**DECISION**

We remand for further findings regarding determination of child support and application of the guidelines. The trial court did not abuse its discretion in awarding

---

1. Appellant specifically argues that his $3331.32 monthly income the trial court considered was distorted. He claims it was not offset by federal and state tax liability. In addition, the rental income which is produced from 47% of appellant's homestead, should be adjusted downward to reflect 47% of the mortgage, property tax, insurance, and heating costs. He further claims the $270.00 car allowance from his employer should not be considered. He considered his out-of-pocket maintenance of the car negated the allowance and he is no longer employed by that company.

attorney fees. Respondent's request for additional attorney fees on appeal is denied.

Affirmed in part, reversed in part and remanded.