**COUNTY OF RAMSEY and Kim M. Gresafe, Respondents,**

v.

**Nicholas James FAULHABER, Appellant.**

**No. CO–86–1257.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Tom Foley, Ramsey Co. Atty., Gail L. Young, Asst. Co. Atty., St. Paul, for respondents.

Robert N. Schlesinger, Martha E. Hellander, St. Paul, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal is from an order increasing child support to the guidelines amount. Appellant Nicholas Faulhaber does not contest the grounds for an increase but claims the court should have departed from the guidelines. We reverse and remand.

## FACTS

In 1979, appellant Faulhaber was adjudicated the father of N.M.G., born January 3, 1979, to respondent Kim Gresafe. Appellant was then 16 years old, working part-time at $2.90 per hour. The court set support at $10 per month. At the time, Kim Gresafe was unemployed and receiving AFDC.

In December 1985 respondent Ramsey County, representing Gresafe, brought a motion for an increase in child support, a financial investigation of Faulhaber, and for other relief. Gresafe was then earning a net monthly income of $866, but was laid off at the time of the hearing.

Faulhaber is now employed full-time, earning a net monthly income of $1319. He is in the Army Reserve, where he earns additional income that the trial court did not include in its determinations. Faulhaber has since married; at the time of the hearing he had one child by that marriage and his wife was expecting another child in September 1986.

Gresafe's affidavit lists monthly expenses of $1025. Faulhaber claims monthly living expenses of $1534. For the past three years, Faulhaber has been voluntarily paying Gresafe $100 per month above the court-ordered amount.

The trial court found that Faulhaber had enjoyed a substantial increase in income, making the prior support order unreasonable and unfair. The court then determined that the guidelines must be applied and denied a departure based on Faulhaber's new family obligations.

## ISSUES

1. Is the trial court's upward modification of child support to the guidelines amount based on adequate findings?

2. Did the trial court abuse its discretion in failing to consider expenses attributable to appellant's present family?

## ANALYSIS

1. *Findings on modification*

Faulhaber does not contend there has been no substantial change of circumstances making the present order unreasonable and unfair. *See* Minn.Stat. § 518.-64, subd. 2 (1986). He contests only the amount of the increase.

The trial court issued its findings and order on March 27, 1986, strictly applying the guidelines without making additional findings. Fifteen days later, the supreme court decided *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986), determining that in modifying support in cases not involving public assistance, the court must make specific findings on all statutory factors involved in setting child support. *Id.* The findings must address the income and reasonable expenses of each parent, and the needs and resources of the child. *Id.; see also Rieck v. Lambert*, 396 N.W.2d 269 (Minn.Ct.App.1986).

The trial court made a finding as to Gresafe's income but not as to her reasonable expenses. The court noted she was laid off from her employment at the time of the hearing. It is undisputed that Gresafe had no income and no ability to support N.M.G. at the time, and the court so found. The court also found Faulhaber's net monthly income from his present full-time job.

The court made no findings as to Faulhaber's total net income, since his Army Reserve pay was not determined. Absent

also were findings on the reasonable needs of the child and Faulhaber's reasonable expenses. Therefore, under *Moylan*, we must remand for these additional findings.[1]

### 2. *Expenses from a second family*

Faulhaber contends that in assessing the reasonable expenses of an obligor, the court should consider expenses incurred in raising a second family. The trial court disagreed, finding such voluntarily incurred obligations must yield to the priority obligation of child support. *See Weinand v. Weinand*, 286 Minn. 303, 307, 175 N.W.2d 506, 509 (1970). The county contends it is inappropriate to consider expenses of a later family in determining support for the priority child.

The supreme court in *Mark v. Mark*, 248 Minn. 446, 80 N.W.2d 621 (1957) stated:

> Despite many sweeping statements to the contrary, a trial court obviously does not, and cannot, wholly ignore the needs of innocent children who are born of a divorced husband's remarriage. Their needs * * * is [sic] a circumstance which may indirectly bear upon the propriety of a revision in alimony despite the fact that the father himself, by his voluntary act in begetting another family, is usually entitled to little judicial consideration when he seeks relief from the burdens of his former marriage.

*Id.* at 450–51, 80 N.W.2d at 624–25 (footnote omitted).

 An obligor cannot avoid his support obligation by voluntarily incurring new liabilities, including obligations to a second family. *See Weinand*, 286 Minn. at 307, 175 N.W.2d at 509; *Williams v. Williams*, 221 Minn. 441, 442–43, 22 N.W.2d 212, 213 (1946). Nevertheless, consideration can be given to later-born children in setting or modifying child support. *See Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986). In *Weinand* and *Williams*, the custodial

parents were seeking arrearages in child support. In each case, the obligor was making no payments, thus shifting all of the child support burden onto the custodial parent. *Weinand*, 286 Minn. at 304, 175 N.W.2d at 508; *Williams*, 221 Minn. at 442, 22 N.W.2d at 212.

Recent cases indicate that children born to a later marriage are relevant to a decision on modification but are "not to be factored into the child support guideline tables * * *." *Erickson*, 385 N.W.2d at 304; *see also Davis v. Davis*, 394 N.W.2d 519, 523 (Minn.Ct.App.1986).

On remand, the trial court should consider Faulhaber's current family obligations in determining his reasonable expenses.

### DECISION

The trial court did not make findings adequate to support the modification order. On remand, the court should consider appellant's current family obligations.

Reversed and remanded.

---

1. This court was informed at oral argument that Gresafe began receiving AFDC after the trial court hearing. On remand, then, the court would not follow the *Moylan* holding on cases not involving public assistance cases. However, the court will now be bound by the 1986 amendment requiring consideration of factors in addition to the guidelines. Minn.Stat. § 518.551, subd. 5 (1986).