**In re the Marriage of Judith TINSLEY, Petitioner, Appellant,**

v.

**Stanley TINSLEY, Respondent.**

**No. C9–88–760.**

Court of Appeals of Minnesota.

Aug. 23, 1988.

Tom Foley, Ramsey Co. Atty., Gail L. Young, Asst. Ramsey Co. Atty., St. Paul, for appellant.

Stanley Tinsley, St. Paul, pro se.

Considered and decided by
LANSING, P.J., and SCHULTZ * and
LOMMEN *, JJ., without oral argument.

## OPINION

LANSING, Judge.

Judith Tinsley moved for an order finding Stanley Tinsley in contempt for failing to pay child support, and entering judgment for arrearages. A family court referee denied the motion, and the trial judge affirmed on review. Judith Tinsley appeals the trial court's refusal to enter judgment for arrearages.

## FACTS

In January 1986, Judith Tinsley petitioned for dissolution of the parties' four-year marriage. Stanley Tinsley did not answer the petition. In August, Judith Tinsley moved for custody of the parties' minor child and for temporary child support of $309 per month. Stanley Tinsley testified that he appeared on the original date of the hearing on that motion, but it was rescheduled and he did not appear. The court granted Judith Tinsley's motion, and in January 1987 entered a default decree of dissolution providing that Stanley Tinsley was to pay $309 per month child support.

In November 1987 Judith Tinsley moved for an order finding Stanley Tinsley in contempt for failing to pay child support, and entering judgment for arrearages. The motion was heard before a family court referee, and Stanley Tinsley appeared *pro se*. He testified that he did not know if he had received a copy of the dissolution decree; that he had a drinking problem which resulted in his being fired from his last full-time job in September 1987; that he was employed only sporadically as an office temporary and had not applied for unemployment benefits; and that he had not made any child support payments, although he had sent $50 for a Christmas present.

---

* Acting as judges of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Two days after the hearing, Judith Tinsley submitted an affidavit from her former counsel dated December 30, 1987, stating that he had served the decree on Stanley Tinsley by mail on February 9, 1987. Attached to the affidavit was a cover letter from a legal assistant in his office to Stanley Tinsley dated February 9.

The referee held that both contempt and judgment for arrearages were inappropriate in the absence of an affidavit of service of the judgment and decree upon Stanley Tinsley. Judith Tinsley moved for review of the referee's order, and the trial court affirmed the referee. Neither the referee nor the court commented on the belated affidavit of service. Judith Tinsley appeals the denial of her motion for entry of judgment for unpaid arrearages.

## ISSUE

Did the trial court err in denying entry of judgment for arrearages?

## ANALYSIS

■ The affidavit of service was not served on Stanley Tinsley or submitted to the referee until after the hearing on Judith Tinsley's motion. Because there was no request for permission to make post-hearing submissions, the referee did not abuse his discretion in failing to consider it. Although the affidavit was part of the record on review, the trial court has discretion whether or not to consider new evidence. *Thompson v. Thompson*, 385 N.W. 2d 55, 57 (Minn.Ct.App.1986). We find no abuse of discretion. The affidavit was of limited probative value because it was written ten months after the alleged service and sworn to by someone other than the legal assistant who wrote the cover letter and presumably would have mailed the decree.

■ The remaining issue is whether the trial court erred in denying entry of judgment for arrearages on the ground that Stanley Tinsley had not received notice of

the decree. The trial court correctly noted that a person must have had notice of a decree before he can be held in contempt for failure to comply with it. *Hopp v. Hopp*, 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1968). However, the Minnesota Supreme Court has distinguished between contempt proceedings and the entry of judgments for arrearages.

In *Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 736 (1973), the court held that judgment for child support arrearages could be entered after the child reached the age of majority, even though the order could no longer be enforced by contempt proceedings. Similarly, in *Weinand v. Weinand*, 286 Minn. 303, 306, 175 N.W.2d 506, 509 (1970), the court rejected appellant's argument that a finding of ability to make payments was a prerequisite to recovery in an independent action for arrearages. The court distinguished contempt because in those proceedings

> defendant is placed in jail until he performs, and if he does not have the ability to perform, he cannot be placed in jail.

*Id.* Although the court recognized that ability to pay was relevant in a motion to reduce arrearages, it was held irrelevant to a separate action for accrued payments under the decree.

The trial court erred in applying the contempt standard to entry of judgment, and notice is not otherwise required. Proper service of the complaint is sufficient notice of the default judgment. *See Williams v. Williams*, 221 Minn. 441, 442, 22 N.W.2d 212, 212 (1946). In addition, Minn.Stat. § 548.091, subd. 1 (1986), provides for the entry of judgment for arrearages for unpaid amounts due under a dissolution decree if the obligor is at least 30 days in arrears, the obligee or public authority serves a copy of an affidavit of default and notice of intent to enter judgment on the obligor by mail, and obligor fails within 20 days to pay the arrearages or seek a stay of entry of judgment.

Notice of the dissolution decree is not among the requirements enumerated in Minn.Stat. § 548.091. Although the statute applies to entry of judgment by the court administrator, no reason appears for applying a more stringent standard upon motion to the court. Moreover, Stanley Tinsley was served with a summons and complaint which requested reasonable child support and notified him that failure to answer would result in a default judgment against him. *See* Minn.R.Civ.P. 4.01. He also received notice of Judith Tinsley's request for $309 per month in temporary support. The default decree appears to have been properly entered, and that decree gave Judith Tinsley an enforceable right to the payments. The trial court erroneously concluded that judgment for arrearages could not be entered in the absence of notice of the decree.

█ Nor can the trial court's refusal to enter judgment be justified on alternative grounds. Forgiveness of arrearages is a retroactive modification of child support, and was permitted under the prior statute if circumstances had changed and the past failure to pay was not willful. *State ex rel. County of Hennepin v. Erlandson*, 380 N.W.2d 578, 581 (Minn.Ct.App.1986) (citing Minn.Stat. § 518.64, subd. 2 (1984)).

However, in 1987 the legislature amended Minn.Stat. § 518.64 to allow modification decreasing support retroactively

> only with respect to any period during which the support obligor has pending a motion for modification but only from the date that notice of the motion has been given to the obligee and to the court or other entity which issued each support order.

1987 Minn.Laws ch. 403, art. 3, § 90 (effective June 13, 1987). Because Stanley Tinsley has not moved for modification of the child support order, this amendment also affects forgiveness of arrearages.

## DECISION

Reversed and remanded for entry of judgment.