**In re the Marriage of Cindy M. (Van Zee) JOHNSON, petitioner, Respondent,**

v.

**Bradley G. VAN ZEE, Appellant.**

**No. C1–84–1988.**

Court of Appeals of Minnesota.

July 2, 1985.

Roger Oldenkamp, Marshall & Marshall, Fergus Falls, for respondent.

Neil R. Tangen, Marshall & Marshall, Hoffman, for appellant.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

This is an appeal from an amended judgment increasing child support to $200 per month in accordance with the terms of a pre-dissolution stipulation. We reverse and remand.

## FACTS

The parties' marriage was dissolved by judgment and decree on March 10, 1982. They have one child, born January 30, 1979, who is in the custody of respondent Cindy (Van Zee) Johnson. The original decree incorporated a stipulation that appellant Bradley Van Zee would pay child support of

$100 per month when unemployed, $200 per month when employed, and the sum of $150 when [Van Zee] has worked no less than eight (8) and no more than twelve (12) days during the calendar month immediately preceding the date the child support payment is due.

Van Zee was unemployed at the time of the dissolution and made support payments of $100 per month. He subsequently became employed part-time and voluntarily began paying $150 per month.

Both Johnson and Van Zee have remarried. Van Zee has no additional children. Johnson's husband has a child from his previous marriage. Johnson testified that she works full time as a bank teller, grossing $645 per month and netting $516.58. Her husband receives take-home pay of $1,200 per month. She testified that they have no extraordinary expenses.

Van Zee, a dairy farmer, testified that he works an average of three to four hours per day milking 22 cows and caring for 28 heifers in a barn rented from his mother. He also farms 110 acres of cropland. He receives a milk check ranging from $2,500 to $3000 per month and estimates his operating expenses at between $1,800 and $2,400 per month before living expenses and taxes. He alleged in an affidavit that his yearly income had dropped from $15,-191.35 in 1980 to $5,948.00 in 1983. In addition, he testified that his wife works part-time, making approximately $250 per month.

In August 1984 Johnson moved the court for an order declaring Van Zee fully employed and liable for $200 per month support under the terms of the stipulation. Van Zee moved for an order reducing his support obligation to $100 per month based on his decreased income and the increased income of Johnson and her spouse.

After hearing testimony, the court took the matter under advisement, stating:

But Counsel should be aware that the matter is not within the discretion of the Court as normally would be the case when there isn't a provision in the Decree that specifies exactly what the requirements are. So the Court is bound by that, and I don't think that the Court can go outside the agreement to take guidelines or other support matters into consideration * * *.

The trial court found that Van Zee's farming "requires his presence on a daily basis * * * and requires him to be employed for more than 12 days total during the calendar month which under the terms of the Decree of Dissolution requires the payment of $200.00 per month support."

## ISSUE

Did the trial court abuse its discretion by increasing child support to $200 per month to conform to the parties' pre-dissolution stipulation and refusing to consider evidence of a change of circumstances?

## ANALYSIS

■ Under Minn.Stat. § 518.64, subd. 2, support may be modified upon a showing

---

of substantially increased or decreased earnings of a party or substantially increased or decreased need of a party, which makes the terms of the decree unreasonable and unfair. On a motion for modification, the court shall consider the needs of the children and the financial circumstances of each party's spouse, if any. *Id.*

The trial court considered only the number of days per month Van Zee worked, apparently considering itself bound by the pre-dissolution stipulation. Parties' stipulations, however, are

> purely advisory to the court and do not limit its discretionary power to determine whether a future change of circumstances warrants revision, but they are entitled to considerable evidentiary weight which will make the court more reluctant to modify the original decree than it would otherwise be, particularly where the parties have had the benefit of able counsel in so stipulating.

*Hellman v. Hellman,* 250 Minn. 422, 426, 84 N.W.2d 367, 371 (1957). The fact that the financial rights and obligations of the parties have been fixed in the decree as a result of stipulation is generally an important consideration restraining, although not controlling, the court's authority. *See Kaiser v. Kaiser,* 290 Minn. 173, 180, 186 N.W.2d 678, 683 (1971). Child support requirements, relating as they do to the nonbargainable interests of the children, are less subject to restraint by stipulation. *Id.* It was therefore error for the trial court not to consider evidence of a substantial increase in the combined income of Johnson and her husband or the claimed decrease in Van Zee's income due to the marginal profitability of his farming operation.

Because the trial court determined that the stipulation embodied in the decree was binding, no findings were made on the income of Van Zee or Johnson, and we cannot determine whether the needs of the child or the financial circumstances of the parties warrant an increase in child support to $200 per month. Consequently, we remand for consideration of whether a change of circumstances rendered the terms of the decree unreasonable and unfair, requiring modification under Minn. Stat. § 518.64.

## DECISION

The trial court erred by increasing support to conform to a pre-dissolution stipulation and refusing to consider evidence that changed circumstances had rendered the terms of the decree unreasonable and unfair.

Reversed and remanded.