**In re the Marriage of Patricia Lucille SWANSON, Petitioner, Respondent,**

v.

**Roy Allen SWANSON, Appellant.**

**No. C2–85–49.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

---

Stephen C. Rathke, Crow Wing Co. Atty., Pamela S. Sellnow, Asst. Co. Atty., Brainerd, for respondent.

John H. Erickson, Erickson, Casey, Erickson & Charpentier, Brainerd, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and RANDALL, JJ.

## OPINION

LANSING, Judge.

Roy Swanson appeals from a judgment of the trial court refusing to modify his child support obligation or to forgive child support arrearages. We remand.

## FACTS

The marriage of appellant Roy Swanson and respondent Patricia Swanson was dissolved on July 14, 1982, by a judgment and decree entered upon Roy Swanson's default. Patricia Swanson was granted custody of the parties' two minor children. The trial court found, based on Patricia Swanson's estimate, that Roy Swanson's gross income was between $1,100 and $1,350 per month. Patricia Swanson was not employed outside the home. No other findings were made concerning the income or expenses of either party. Roy Swanson was ordered to pay $100 per month in support for each child. No spousal maintenance was ordered. Roy Swanson did not appeal the judgment and decree.

In August 1983 Patricia Swanson signed a statement agreeing to grant Roy Swanson custody of the children for two weeks per month and agreeing to eliminate his child support obligation. He did not sign the agreement, nor was it adopted by the trial court.

On September 1, 1983, the trial court amended the judgment and decree to add the wage withholding provisions of Minn. Stat. § 518.611. A notice of arrears was mailed to Roy Swanson on October 31, 1983. When he did not respond, a wage withholding order was sent to his employer. On November 16, 1983, Roy Swanson obtained an ex parte order staying the wage withholding order and further moved the court to eliminate his child support obligation and to forgive all arrearages on the basis that (1) his income had decreased, (2) by agreement of the parties he had custody of the children "at least half of the time, if not all of the time on many occasions [sic]," and (3) Patricia Swanson had begun working and her income had changed substantially. Those motions were continued at the parties' request. They then drafted a stipulation in which Patricia Swanson agreed to eliminate Roy Swanson's child support obligation and to forgive all arrearages in exchange for a payment of $750 to pay her utility and rent bills. The stipulation was never signed by either party or adopted by the court.

In June 1984 Patricia Swanson began receiving AFDC benefits of $525 per month plus $78 per month in food stamps. In August 1984 Roy Swanson's motions regarding his child support obligation came on for hearing. At the hearing he also argued that Patricia Swanson's receipt of AFDC benefits was a basis for eliminating his child support obligation.

The trial court denied both the motion to eliminate the support obligation and to forgive arrearages. The court found no substantial change in either the earnings or living expenses of either party since the time of the original judgment and decree. In addition, the court said that the statement signed by Patricia Swanson, which was later reduced to an unexecuted, unapproved stipulation, had no effect on Roy Swanson's obligations. However, the trial court credited Roy Swanson $750 toward the arrearages for the payments he had made on the utility and rent bills.

## ISSUE

Did the trial court abuse its discretion in refusing to modify appellant's obligation to

pay child support and in refusing to forgive child support arrearages?

## ANALYSIS

■ The modification of a child support obligation is governed by Minn.Stat. § 518.64, subd. 2, which provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party * * *.

The trial court is accorded broad discretion in modifying the terms of a decree. *See, e.g., Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984).

### Change in Earnings or Needs

■ The trial court found that Roy Swanson's net income at the time of the decree was $721 per month and that after September 1983 it declined $25 to $696 per month. Patricia Swanson intermittently worked part-time making $3.35 per hour but at the time of the hearing was unemployed. The trial court concluded that the earnings of the parties were essentially the same as at the time of the original decree and that no substantial change in their earnings justified modification. The trial court did not abuse its discretion in refusing to modify Roy Swanson's child support obligation on the basis of changes in the parties' earnings.

The trial court also found that Roy Swanson had not established the needs of the parties at the time of the original decree and had therefore not established any change in those needs. Roy Swanson does not appear to dispute this finding on appeal.

### Oral Agreements

■ Roy Swanson argues that the trial court erred in refusing to find that Patricia Swanson is bound by estoppel to the terms of the parties' oral agreement, evidenced by the unexecuted stipulation. Agreements between the parents, whether oral or written, do not limit the discretionary power of the court in setting child support obligations. *See Hellman v. Hellman,* 250 Minn. 422, 426, 84 N.W.2d 367, 371 (1957). Child support relates to the nonbargainable interests of the children and is less subject to restraint by stipulation than other dissolution matters. *See Johnson v. Van Zee,* 370 N.W.2d 471 (Minn.Ct.App. July 2, 1985) (citing *Kaiser v. Kaiser,* 290 Minn. 173, 180, 186 N.W.2d 678, 682 (1971)). *See also Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970).

■ The trial court did not abuse its discretion in refusing to bind the parties to the terms of the unexecuted stipulation. The record shows that Roy Swanson's compliance with the agreement is disputed and that any "reliance" on his part was honored when the trial court credited his $750 payment to his child support arrearages.

### Receipt of AFDC Benefits

■ Minn.Stat. § 518.64, subd. 2, specifically provides that receipt of AFDC benefits constitutes a change of circumstances that may justify modification of a child support obligation. The trial court did not address Patricia Swanson's receipt of AFDC benefits as a change of circumstances. We therefore remand to the trial court to consider whether this change renders the terms of the decree unreasonable and unfair.

■ We note in addition that the primary obligation for the support of a child should fall on parents rather than the public. *See County of Anoka v. Richards,* 345 N.W.2d 263, 267 (Minn.Ct.App.1984). Although modification of Roy Swanson's obligation may be appropriate, we cannot accept his reasoning that this court and the trial court should completely eliminate it.

### Application of Child Support Guidelines

■ The original judgment and decree was entered before August 1, 1983, the

**424**

effective date of the statutory child support guidelines. However, the guidelines apply to modifications after that date provided the court finds a substantial change of circumstances that renders the terms of the decree unreasonable and unfair. *See Derence v. Derence,* 363 N.W.2d 86, 88–89 (Minn.Ct.App.1985); *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984).

The trial court found that Roy Swanson's net monthly income is $696. His obligation under the child support guidelines would be about $153 per month rather than the $200 per month required by the decree. *See* Minn.Stat. § 518.551, subd. 5. If on remand the trial court finds that receipt of AFDC benefits justifies modification, the guidelines are applicable.

*Arrearages*

 A modification which retroactively decreases support is permissible only upon a showing that any failure to pay in accord with the terms of the original order was not willful. *See* Minn.Stat. § 518.64, subd. 2. The trial court's power to forgive arrearages should be exercised cautiously upon satisfactory evidence, especially when forgiving past-due child support, where the interests of the children are paramount. *See Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984) (citing *LeFebvre v. LeFebvre,* 305 Minn. 195, 200, 232 N.W.2d 786, 789 (1975)). We agree with the trial court that Roy Swanson failed to sustain his burden of showing that his past failure to pay was not willful.

**DECISION**

The trial court did not err in refusing to eliminate Roy Swanson's child support obligation or to forgive child support arrearages. We remand to the trial court to consider whether Patricia Swanson's receipt of AFDC benefits renders the terms of the decree unreasonable and unfair and, if so, whether the amount of Roy Swanson's obligation should be set under the child support guidelines.

Remanded.