STATE of Minnesota, COUNTY OF ST. LOUIS, on Behalf of Karen Louise (Philips) ANDERSON, petitioner, Respondent,

v.

Victor John PHILIPS, Appellant.

No. C8-85-1397.

Court of Appeals of Minnesota.

Feb. 4, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., Gayle M. Goff, Asst. County Atty., Virginia, for respondent.

James F. Clark, Hibbing, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant, a construction worker who has only seasonal employment, petitioned the trial court in 1983 for a modification of his child support obligation. The court made a temporary modification of the support order, requiring appellant to pay a smaller amount. The court in 1984 made the modification permanent. The court also found appellant in contempt of court for failing to make payments. The state intervened and asked the court to reconsider the permanent modification. In 1985, the court found that the permanent modification was inappropriate and modified the obligation to require appellant to make greater support payments during times of employment. The court also assessed appellant for arrearages and made its support modification retroactive to 1984. The obligor appealed these decisions. We affirm in part, reverse in part, and remand.

## FACTS

The 1976 marriage of Victor and Karen Philips was dissolved in 1980. Victoria, a child born to the couple in 1978, was placed with Karen Philips. Appellant, who earned $330 net per week, was ordered to pay child support of $75 per week.

At the time of the dissolution Karen Philips was a waitress earning $35 net per week. She remarried shortly after the dissolution, and she now lives in Moorhead, Minnesota with Victoria and her husband. She is the office manager of Radiologists, Inc. in Fargo, and she has gross annual earnings of $14,000. Her husband is a disc jockey with gross annual earnings of $24,-000.

Appellant is a construction worker who is employed seasonally. When not employed as a construction worker, he draws unemployment. When he is working, appellant earns $330 net per week, but when he is drawing unemployment, he nets less than $200 per week.

In March 1981, appellant met with his former wife to discuss payment of child

support. Karen Philips understood that appellant's income was drastically reduced when he was not working, and she agreed that he would have to pay only $150 per month, provided he would also help clothe the child. That agreement was neither reduced to writing nor approved by the court.

Appellant claims that Karen Philips agreed to the reduction on the condition that he pay her $10,000 in cash. The dissolution decree provided that Karen Philips would retain possession of the family home until it was sold, and that the couple would equally share the proceeds of the sale. Prior to the dissolution, appellant had promised Karen Philips that when the dissolution occurred, he would pay her $10,000 for her interest in the family home. The decree, however, had no such provision. Appellant claims now that he agreed to pay his former wife $10,000 if she would agree that his child support obligation would be reduced.

Appellant paid $150 per month child support on a sporadic basis during the first few months after the dissolution. In December 1982, appellant was laid off for the winter, and he stopped paying support altogether. In July 1983, Karen Philips petitioned the county court for enforcement of appellant's support obligation. The court found that appellant did not have the ability to pay $75 per week during the time that his only income was unemployment compensation, and the court ordered him to pay $150 per month while drawing unemployment. The court also stated that the amount owed for support would be withheld from appellant's unemployment checks if he fell more than 30 days behind in payments. The court ordered appellant to report each month on his employment status, financial condition, and address to the Child Support Collections Division in Virginia, Minnesota.

Appellant failed to stay current in his payment of child support, and he failed to report each month to the child support authorities. Therefore, in July 1984, the county court found appellant in contempt of court and sentenced him to 30 days in jail. The court stayed the sentence on the condition that appellant pay all arrearages and make timely support payments in the future.

The court also made permanent the temporary modification of 1983, ordering support payments of $150 per month. The court made the modification permanent on the basis of appellant's affidavit, which stated that appellant and his former wife agreed to that amount. The court stated, however, that the modification would not become binding for 30 days, so that during this time Karen Philips could challenge appellant's representation that there was such an agreement.

The State of Minnesota, on behalf of Karen Philips, successfully challenged appellant's statement that the parties agreed to a decreased child support obligation. In June 1985, the county court found that there was no such agreement. The court then ordered appellant to pay $322.50 per month in child support, "subject to a temporary reduction of his obligation to $150.00 per month during periods of unemployment when he is receiving unemployment compensation * * *." The court made this modification retroactive to July 1984 and refused to forgive appellant's arrearages owed. Victor Philips appeals from the 1985 order.

## ISSUES

1. Did the trial court make sufficient findings to conclude that modification of appellant's obligation was not warranted? Could the parties make a binding agreement that appellant's obligation should be reduced?

2. Should the trial court have forgiven appellant's arrearages?

3. Did the trial court properly order a retroactive accumulation of arrearages?

4. Did the trial court properly order that arrearages could be satisfied by the interception of appellant's tax refund check?

5. Was the trial court required to order joint custody of the parties' child?

## ANALYSIS

1. An obligation to pay child support may be modified when it is unreasonable and unfair due to substantial changes in the financial circumstances of either parent. Minn.Stat. § 518.64, subd. 2 (1984). *See Blomgren v. Blomgren,* 367 N.W.2d 918, 920 (Minn.Ct.App.1985). The trial court has broad discretion to decide whether there has been a sufficient change of circumstances for modification. *Covington v. Markes,* 366 N.W.2d 692, 694 (Minn. Ct.App.1985).

The trial court found that the appellant's circumstances had not changed considerably and made no findings regarding Karen Philips past and present circumstances. We must remand the case to the trial court so those findings can be made. *See In re Markley,* 298 N.W.2d 27, 28 (Minn.1980).

Appellant claims that his former wife agreed that he should pay only $150 per month in child support if he would pay her a lump sum of $10,000. Karen Philips disputes that, saying no such agreement was ever made. The trial court found that the $10,000 was paid as part of the distribution of marital property, not as consideration for a reduction of the child support obligation. The evidence supports this conclusion such that the trial court's finding was not clearly erroneous. *See* Minn.R. Civ.P. 52.01. Even if the agreement was made as appellant states, agreements between the parties do not control the court on issues of child support. *Swanson v. Swanson,* 372 N.W.2d 420, 423 (Minn.Ct. App.1985). Instead, the controlling consideration is the best interests of the child. *Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970). Therefore, the trial court properly concluded that the parties had not made a binding agreement for reduction of appellant's obligation.

2. The trial court found that appellant was in contempt of court because he failed to stay current in his payment of child support. Appellant claims that the court should have forgiven the arrearages because there had been a substantial change in circumstances and because the past failures to pay were not willful. *See Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984) (party seeking forgiveness of arrearages must show substantial change in circumstances and that none of the past failures were willful). Appellant admits that the discretion to forgive arrearages is to be cautiously exercised. *See id.,* at 895. The trial court is accorded great deference on the issue. *Eckholm v. Eckholm,* 368 N.W.2d 386, 390 (Minn.Ct.App. 1985).

Forgiveness of arrearages is warranted where the party seeking forgiveness can demonstrate that there has been a substantial change of circumstances and that the failure to pay was not willful. The trial court made no findings regarding these two elements. Upon remand, the trial court must make findings on these elements and decide the issue accordingly. *See Markley,* 298 N.W.2d at 28.

3. The trial court modified appellant's support obligation, requiring him to pay $322.50 per month as child support during the months he is employed and $150 per month during his months of unemployment. Appellant contends that the trial court erred in making the order retroactive to July 1984.

The trial court cannot make a support increase retroactive when the obligor has substantially complied with the previous order. Minn.Stat. § 518.64, subd. 2. Appellant claims that he substantially complied with the court order of July 1984 and that the trial court improperly made the modification retroactive. We agree. Appellant has been in substantial compliance with the modified support order of July 1984. Therefore, under the statute, the trial court cannot order that the effect of its new modification be retroactive. *See id.*

4. Appellant argues that the trial court improperly ordered that his state tax refund check should be intercepted and applied towards retirement of his support debt. The trial court made the directive

pursuant to Minnesota law. *See Minn. Stat.* 290.50, subd. 6 (1984). That section states as follows:

> Upon a finding by a court of this state that a person obligated to pay child support is delinquent in making payments, the amount of child support unpaid and owing including attorney fees and costs incurred in ascertaining or collecting child support shall be withheld from a refund due the person under this section.

*Id.* Appellant argues that the trial court "reserved" arrearages in the 1984 and 1985 orders. Therefore, he argues, there are no support arrearages due and owing, he was not delinquent in making payments, and it was improper for the court to intercept his refund check.

■ The trial court reserved entry of a money judgment on arrearages, but it found the sums were owing and unpaid. The withholding of the obligor's tax refund check is an appropriate remedy for the adjudicated arrearages. *See id.*

5. During the course of proceedings on child support, appellant made a motion for joint custody of his daughter. Respondent argues that the motion was withdrawn in a stipulation by the parties. The trial court did not rule on the issue. We direct that the trial court upon remand consider this issue and make the appropriate findings and conclusions.

## DECISION

The trial court made inadequate findings on questions of whether Karen Philips experienced a substantial change of circumstances, whether appellant's failure to make support payments was willful, and whether the parties should have joint custody of their daughter. The court improperly made a support modification retroactive to July 1984, but properly ordered that appellant's tax refund could be intercepted for payment of support arrearages.

Affirmed in part, reversed in part, and remanded.