**STATE of Minnesota, COUNTY OF ST. LOUIS, on Behalf of Karen Louise (Philips) ANDERSON, Petitioner, Respondent,**

v.

**Victor John PHILIPS, Appellant.**

**No. C7–86–1594.**

Court of Appeals of Minnesota.

March 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Gayle M. Goff, Asst. Co. Atty., Virginia, for respondent.

James F. Clark, Jr., Hibbing, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

CRIPPEN, Judge.

This is an appeal of the trial court's refusal to lower appellant's child support obligation and forgive child support arrearages. We affirm.

## FACTS

The 1976 marriage of appellant Victor Philips and respondent Karen Philips Anderson was dissolved in 1980. A daughter of the couple was placed in respondent's custody. Appellant was ordered to pay $75 per week ($322.50 per month) child support.

In 1983, appellant's child support obligation was temporarily reduced to $150 per month while he was receiving unemployment compensation. He was ordered to report monthly to the St. Louis County Child Support Collections Division in Virginia, Minnesota, as to his employment status, financial condition, and address.

In 1984, when appellant failed to stay current in his child support payments and failed to report monthly to child support authorities, the Collections Division, on respondent's behalf, brought a motion to hold appellant in contempt of court. Appellant moved for a permanent reduction of child support to $150 per month when he worked and $100 per month when he received unemployment compensation. His motion was based on assertions that the parties agreed to reduce child support in return for appellant's payment of $10,000 to respondent, and upon a change in respondent's circumstances.[1] Appellant also requested forgiveness of arrearages.

On July 30, 1984, the trial court found Philips in civil contempt for failure to make regular payments or monthly reports to the Collections Division. Based solely on the alleged agreement of the parties, the order also required amendment of the 1980 dissolution decree to permanently set Philips' child support obligation at $150 per month.

Three weeks later, respondent moved the trial court to review the support reduction, claiming there had been no agreement for that decision. The motion for rehearing was granted and a trial date set in February 1985.

On June 10, 1985, the trial court found that there had not been an agreement to reduce child support to justify the 1984 decision. The court reinstated the original child support order which required Philips to pay $322.50 per month child support, "subject to temporary reduction to $150 per month during periods of unemployment when he receives unemployment compensation." The court made this decision retroactive to July 1984 and refused to forgive appellant's arrearages. Philips appealed this order, contending that the court should have required $150 per month support as it had in 1984.

Our 1986 opinion, *State, County of St. Louis v. Philips,* 380 N.W.2d 891 (Minn.Ct. App.1986), dealt with the question of whether there was cause for upwardly modifying ($150 to $322.50) the 1984 support order. Implicit in our decision was the conclusion that the 1984 order, calling for an amended judgment on the support award, had been a permanent award. We learned through the trial court's explanation on remand that the court administrator and trial judge had treated entry of the

---

1. The facts regarding the parties' circumstances were stated in our earlier opinion *State, County of St. Louis v. Philips,* 380 N.W.2d 891 (Minn. App.1986):

   At the time of the dissolution Karen Philips was a waitress earning $35 net per week. She remarried shortly after the dissolution, and she now lives in Moorhead, Minnesota with Victoria [Philips' and Anderson's child] and her husband. She is the office manager of Radiologists, Inc. in Fargo and she has gross annual income of $14,000.

\*　\*　\*　\*　\*　\*

Appellant is a construction worker who is employed seasonally. When not employed as a construction worker, he draws unemployment. When he is working, appellant earns $330 net per week, but when he is drawing unemployment, he nets less than $200 per week.

*Id.* at 892.

1984 amended judgment as stayed,[2] although without an order for stay, based on language in the 1984 order permitting respondent, who did not attend the 1984 hearing, to show that the parties had not in fact made an agreement to reduce the support award. The 1984 judgment amendment was not in fact entered. Unaware of this, we were mistaken in concluding that the 1985 hearing dealt with an upward modification of the 1984 award.

In the 1985 appeal, appellant enlarged the notion that the 1985 order was an upward modification by contending that the trial court had erred in increasing child support to $322.50 retroactively, in violation of the limit on retroactive upward modifications under Minn.Stat. § 518.64, subd. 2 (1984). In the eyes of the trial court, what it called retroactive change was only the correcting of the 1984 order for the entire period after its issuance.

On remand the trial court explained that in 1985, when it set support at $322.50, it thereby denied appellant's 1984 proposal for a downward modification, and did not grant an upward modification. The 1985 order ratified the award established in the original decree as modified during unemployment by the 1983 order.

In addition to denying a downward modification of child support, the 1985 order denied forgiveness of $2240 in child support arrearages accrued through July 19, 1984. Except for months when support was reduced under the 1983 order, the court found that appellant's ability to pay support had consistently been the same as it was in 1980. On remand the trial court found that the 1984 order was res judicata on prior arrearages and thus did not make a finding on whether to forgive the arrearages.

Thus, we now address two remaining issues which arose in 1985 but which were not addressed in our prior decision.

**ISSUES**

1. Did the trial court err in refusing to decrease appellant's child support obligation?

2. Did the trial court err in refusing to forgive child support arrearages?

**I**

■ Minn.Stat. § 518.64, subd. 2 (1986) authorizes the trial court to modify an award of child support upon a showing of substantially changed circumstances that render the terms of the original degree unreasonable or unfair.

Appellant's circumstances have not changed since 1983, when his child support obligation was temporarily reduced because he was unemployed. In 1983, he claimed $966 in monthly expenses and in 1984, the court found he was earning $1384. There is nothing in the record to suggest that he cannot pay $322.50 per month during periods when he is employed. His income has been substantially the same since 1980 and there was no presentation of an increase in his expenses. The trial court found that there had been no substantial change in his circumstances and this finding is supported by the record.

In addition, appellant points to increased income of respondent. Assuming this is a substantial change of circumstances, it is not, in and of itself, compelling evidence of the unfairness and unreasonableness necessary to modify support. There was no clear error by the trial court in determining appellant's payment of $322.50 per month is a fair contribution toward the total needs of the child.

**II**

■ There is cause to question the trial court's conclusion that its 1984 order was res judicata as to appellant's child support arrearages.[3] However, even if the ques-

---

2. *See* Minn.R.Civ.P. 58.01. An amendment to judgment will be entered by the clerk of court immediately after it is ordered, except when

that action is stayed by order of the court issued pursuant to Minn.R.Civ.P. 58.02.

3. We observe that the 1985 hearing was convened to review "the issues" presented in 1984,

tion is open, there is nothing in the record to support appellant's position that arrearages should be forgiven. The trial court's finding on his ability to pay is not clearly erroneous. There has been no showing of inability to pay which would support the position that the nonpayments were not willful. *See Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984); Minn. Stat. § 518.64, subd. 2 (1986) (retroactive decrease not allowed unless failure to make earlier payments was not willful).

We affirm the trial court's refusal to forgive appellant's child support arrearages through July 19, 1984.

### DECISION

The trial court did not err in denying appellant's request for a reduction of his child support obligation where the evidence supports a finding that the original award remained fair.

Forgiveness of appellant's child support arrearages was not warranted where there was no showing that his failure to pay was not willful. Respondent is entitled, upon application, to judgment for arrearages in the amount of $2240.

Affirmed.

when the court addressed the topics of future support and arrearages. The 1985 order addressed the arrearages topic with findings and conclusions, making no reference to a final 1984 result on the issue. In fact, unlike the language in the 1984 order for amending the judgment on current support, no provision was made for judgment on arrearages.