**Marisa Roxanne SCEARCY,
Respondent,**

v.

**Robert MERCADO, Appellant.**

**No. C8–87–321.**

Court of Appeals of Minnesota.

Aug. 4, 1987.

Tom Foley, Ramsey Co. Atty., John E. Witzel, II, Asst. Co. Atty., St. Paul, for respondent.

John R. Schulz, St. Paul, for appellant.

Heard, considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

In this appeal from a child support award, appellant challenges the adequacy of the trial court's findings and the amount of support ordered. We reverse and remand.

## FACTS

Appellant Robert Mercado was adjudicated the father of T.S. by judgment entered February 28, 1986. Respondent Marisa Roxanne Scearcy has sole custody of T.S., born April 15, 1978. Following the paternity adjudication, respondent petitioned the court for a determination of appellant's child support obligation, appellant's liability for pregnancy and confinement expenses, and for past support.

In determining child support the court examined the financial circumstances of each family unit. The court found that the mother and minor child have "necessary monthly living expenses" of $817, including debt payments. The court observed that "[t]hese modest expenses include only $60 per month for food, and include no budget for such items as entertainment, recreation, grooming, hobbies, gifts, and vacations." At the time of the hearing, respondent and the child were living with respondent's parents. The court found that the child has no resources, but that respondent has a net income of $1245 per month, to be applied to her needs and the needs of the minor child.

Using facts stated in a March 1986 investigative report, the trial court found the father's monthly living expenses were $904. In addition, the court found appellant had "consumer debts" and that appellant reported monthly payments of $835 on these debts; the total amount of those debts is approximately $11,000. Appellant states that these debts largely reflect his borrowing to make rehabilitative improvements for a home owned by appellant and his current wife, subject to a $44,000 mortgage. The court found that none of appellant's debts meet the requirements of the statute governing consideration of debts in child support determinations.[1]

1. The statute provides:
   In establishing or modifying a support obligation, the court may consider debts owed to private creditors, but only if:
   (1) the right to support has not been assigned under section 256.74;

   (2) the court determines that the debt was reasonably incurred for necessary support of the child or parent or for the necessary generation of income. If the debt was incurred for the necessary generation of income, the court shall consider only the amount of debt that is

Commenting on appellant's debt, the court observed: "His level of debt should not be financed by the child." In fact, the court observed that the debt schedule worked against appellant, that it is evidence he enjoys a higher standard of living than the mother and child. Before reporting appellant's monthly living expenses, the court observed, without further comment, that appellant is married and the couple is expecting a child in July. The trial court found that appellant has an adjusted monthly net income of $1,872.50.

The court ordered child support consistent with the child support guidelines, in the amount of $468 per month, or 25% of appellant's net monthly income. The court denied appellant's request for a downward deviation. The court stated it was "not applying the guidelines rigidly," but considering the facts in the case. The court found appellant owes an obligation for the past support of T.S., and again applied the 25% guideline amount to calculate the past amount owed.

Appellant questions the adequacy of the trial court's findings, the amount of support ordered, and the appropriateness of the trial court's exercise of discretion.

## ISSUE

Do the trial court findings support application of the child support guidelines without deviation to determine the amount of child support?

## ANALYSIS

1. A trial court's determination on child support matters will not be reversed unless there is a clear showing of abuse of discretion. *Pitkin v. Gross,* 385 N.W.2d 367, 368 (Minn.Ct.App.1986). We conclude the trial court's findings do not support its decision to apply the child support guidelines without deviation.

a. Findings on Statutory Factors.

■ In "all child support cases not involving public assistance, the trial court must make specific findings of fact as to the factors it considered in formulating the award." *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986). Under *Moylan,* the supreme court required findings that address the statutory factors of Minnesota Statutes § 518.17, subdivision 4, that are relevant to a determination of child support. *Id.* Subdivision 4 of that statute was then repealed. 1986 Minn. Laws ch. 406, § 9. However, the same factors were incorporated into the amended version of section 518.551, subdivision 5(b), that became effective August 1, 1986.[2] 1986 Minn. Laws ch. 406, § 4. The legislature also incorporated into the amended statute the supreme court's mandate in *Moylan* for

essential to the continuing generation of income; and

(3) the party requesting a departure produces a sworn schedule of the debts, with supporting documentation, showing goods or services purchased, the recipient of them, the amount of the original debt, the outstanding balance, the monthly payment, and the number of months until the debt will be fully paid.

Minn.Stat. § 518.551, subd. 5(c) (1986).

**2.** The amended statute provides:

In addition to the child support guidelines, the court shall take into consideration the following factors in setting or modifying child support:

(1) all earnings, income, and resources of the parents, including real and personal property;

(2) the financial needs and resources, physical and emotional condition, and educational needs of the child or children to be supported;

(3) the standards of living the child would have enjoyed had the marriage not been dissolved;

(4) the amount of the aid to families with dependent children grant for the child or children; and

(5) the parents' debts as provided in paragraph (c).

Minn.Stat. § 518.551, subd. 5(b) (1986). In sum, the statute preserves the six factors of needs and resources of three persons, namely, each parent and the child. The needs of the obligor are a factor inherently entering into a determination of resources available for support. The child's needs are detailed in the stat-

findings, requiring consideration of these factors in all child support cases.[3]

b. Needs of Respondent and the Child.

■ Appellant asserts that the trial court failed to make necessary findings on the needs of the child. Because it is in her interest as well, respondent agrees that the needs of the child have not been adequately considered; she contends that the needs of herself and the child are greater than $817, the amount the court found as their necessary expenses at the time of the hearing.

It is evident the court felt the mother and child had anticipated needs that were greater than their expenses had been. The court observed items not included in respondent's budget, but made no finding on the amount of necessary expenses for those items. In addition, the $817 reflected savings they enjoyed while living with the mother's parents. Nevertheless, the court made no findings as to their needs in the immediate future. Under current law, that determination must be made when deciding whether to apply the guidelines or deviate from them. We remand for that determination. In the circumstances here, where the total needs of the parents and the child are apt to equal or exceed their resources, we see no need for separate needs findings for respondent and the child.

c. Appellant's Household Expenses.

■ Appellant suggests the trial court failed to consider needs connected with the child that appellant and his current wife are expecting. In a recent case this court held that although children born of a subsequent marriage are " 'not to be factored into the child support guideline tables,' " the trial court should consider the obligor's current family obligations in determining

his available resources. *County of Ramsey v. Faulhaber*, 399 N.W.2d 617, 619 (Minn.Ct.App.1987) (*quoting Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn. 1986)).

Appellant requests we clarify *Faulhaber* by suggesting a formula to take into account the obligor's later-born children.[4] Appellant's suggestion for a formula on the needs of later-born children may trace to a misunderstanding of the law. The argument may assume a mechanical application of the child support guidelines based solely on the obligor's income, so that the needs of the after-born child would be ignored unless there is some mathematical calculation leading to a reduction in the amount indicated by the guidelines. As we have noted earlier in this opinion, current law provides no cases where the guidelines are mechanically applied, based solely on the obligor's income. Under section 518.-551, subdivisions 5(a) and (b), as amended, guideline calculations are never made without evidence and findings taking into account the needs and resources of both parents and the child. Thus, the needs of an obligor's present family inevitably receive attention when child support is duly determined.

Based on information gathered early in 1986, the trial court found that appellant's monthly living expenses were $904. As with respondent's expenses, the court recognized an immediate expectation of greater expense for appellant's family, but made no determination on appellant's anticipated necessary expenses. On remand, this finding should be made.

d. Appellant's Monthly Debt Expense.

■ Without explanation, the trial court found none of appellant's debts meet the

---

ute and they are to be determined with a view toward the just standard of living for the child.

3. The statute states that although the amount of support may be determined according to an appropriate agreement of the parties,

[i]n other cases the court shall order child support in accordance with the guidelines and the other factors set forth in paragraph (b) and any departure therefrom.

Minn.Stat. § 518.551, subd. 5(a) (1986).

4. We note that the legislature has adopted the "reduced ability" approach to factor in a prior support obligation when calculating a support award. *See* Minn.Stat. § 518.551, subd. 5(a) (1986) (net income for guidelines purposes excludes a "Child Support or Maintenance Order that is Currently Being Paid"). The adoption of the reduced ability approach negates prior decisions permitting varying approaches. *See Wollschlager v. Wollschlager*, 395 N.W.2d 134, 135–36 (Minn.Ct.App.1986).

requirements of Minnesota Statutes § 518.-551, subdivision 5(c). Provided the debts are duly proven, the statute permits they be considered if the debts were "reasonably incurred for necessary support of the child or parent." *Id.* Appellant claimed his debts largely included expenses connected with rehabilitation of his home. Upon review of the record, we find evidence indicating only the amount of debt payments and balances, itemized as to six named creditors, without specific indication of the acquisitions that explain each debt. On remand, consideration should be given to those debts shown by appellant to have been incurred for his necessary support, including expenses reasonably incurred for necessary rehabilitation of his home.

## DECISION

The trial court's order for child support is reversed and remanded for redetermination, following additional findings on the factors discussed in this opinion.

Reversed and remanded.