In re the Marriage of Kathleen Mae
**ANDERSON, Petitioner,
Respondent,**

v.

**Mark Nels ANDERSON, Appellant.**

No. C4–87–1465.

Court of Appeals of Minnesota.

March 29, 1988.

Thomas L. Johnson, Hennepin County Atty., Julius A. Nolen, Asst. County Atty., Minneapolis, for respondent.

Marvin A. Liszt, Minneapolis, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

This is an appeal of a court order automatically reinstating an original support order after a temporary reduction due to economic adversity.

Appellant argues the trial court abused its discretion in reinstating the original decree and finding him liable for arrearages of $8,258.

## FACTS

The marriage of appellant Mark Nels Anderson and respondent Kathleen Mae Anderson was dissolved on January 13, 1983. Respondent has physical and joint legal custody of the parties' two children, currently 16 and 17. Pursuant to their stipulation, appellant was to pay $400/month as child support. That stipulation was signed by the parties on December 17, 1982. In January of 1983, appellant lost his $30,000/year job, in part, because of his recurring problems with alcohol. He was unemployed for 9 months in 1983, 7-1/2 months in 1985 and 3-½ months in 1986. His subsequent jobs at Color Tile, Travel Host Motel and Best Buy Co. paid significantly less than his previous employment. Appellant's gross income was $12,886 in 1984 and $13,208 in 1985. His income was estimated to be $10,000 in 1986 and $14,200 in 1987.

Appellant's support payments have been erratic at best. In November of 1983 he paid $2,500 as past due support with proceeds from the sale of his homestead.

Pursuant to a stipulated agreement between the parties, appellant's support obligation was reduced to $190/month for six months to permit him time to get back on his feet. Subsequent rulings by a referee in May of 1985 and a judge in March of 1986 reduced his obligation to pay to $200/month and $50/month respectively while accumulating the remainder of his obligation as arrearages.

As calculated by Hennepin County Support and Collections Services, his arrearages are as follows:

| Date | Obligation | Due | Paid | Arrears | Cumulative |
|------|-----------|------|------|---------|-----------|
| 1/83–11/83 | $400 | $ 4,400 | $1,900(?) | $2,500 | $2,500 |
| 11/83 | | | 2,500 | 0 | 0 |
| 12/83–5/84 | 190 | 1,140 | 1,045 | 95 | 95 |
| 6/84–6/86 | 400 | 10,000 | 1,640 | 8,360 | 8,455 |
| 7/86–12/86 | 50 | 300 | 847 | − 547 | 7,908 |
| 1/87 | 400 | 400 | 50 | 350 | 8,258 |

## ISSUES

1. Did the trial court abuse its discretion in reducing, then reinstating appellant's child support obligation?

2. Did the trial court err in refusing to forgive appellant's support arrearages?

## ANALYSIS

### I.

■ Determination of child support lies within the discretion of the trial court and that decision will not be reversed absent a clear showing of an abuse of discretion. *Reck v. Reck*, 346 N.W.2d 675 (Minn.Ct. App.1984).

■ Here the trial court has established a pattern of permitting appellant to temporarily reduce his support *payments* during times of economic adversity while accumulating arrearages on that portion of his obligation which was not paid. The October 1986 order permitted a six month reduction of payment with the question of arrearages deferred until a later hearing. The April 1987 judgment from which he now appeals permitted a temporary six month reduction of support to $250/month. Indeed, the only reduction in appellant's support *obligation* occurred as the result of a stipulation between the parties which was not imposed by any court, and a six month reprieve from February to August 1987. The six month reduction was not a modification within the meaning of Minn. Stat. § 518.64. Given the appellant's extended periods of unemployment and the decrease in his annual salary since the dissolution decree, and given the needs of the children, the trial court's decision seems both prudent and equitable. Permitting reduced payments provided some measure of relief for appellant and some financial assistance for the children while preserving their economic interests through the accumulation of arrearages. It does not appear that this solution constituted an abuse of discretion.

Appellant can always petition the court for an extension of the reduced obligation or for another reduction should circumstances so warrant at some future date.

### II.

■ A party seeking forgiveness of arrearages must prove the failure to pay was not willful. Minn.Stat. § 518.64, subd. 2.

In this case, the trial court found appellant had been capable of paying more child support than he actually had paid despite his employment situation, thus his failure to pay was deemed willful. Appellant's testimony established he could have paid an average of at least $190/month from June of 1984 to the present time, during which time he averaged payments of only $79/month. To the extent he was able to provide more support than he actually paid, his failure to fulfill his support obligation was willful. The burden of proof on this claim lies with appellant and he has not adequately demonstrated that he could not comply with the dissolution decree even taking into account his fluctuating income and his necessary living expenses.

Finally, it must be noted that courts are justifiably reluctant to forgive arrearages:

[A] trial court's power to forgive arrearages should be exercised cautiously upon satisfactory evidence, especially when forgiving past due child support, where the interests of the children are paramount.

*Swanson v. Swanson*, 372 N.W.2d 420, 424 (Minn.Ct.App.1985).

## DECISION

Affirmed.

CRIPPEN, J., dissenting.

CRIPPEN, Judge, dissenting.

Mark Anderson makes two contentions on appeal. First, he challenges the trial court's failure to forgive his sizeable child support obligation in arrears. Second, he contends the trial court erred in refusing to reduce his future child support award. As to appellant's future obligation, well-settled mandates for complete trial court findings of fact require that we remand this case for a finding on appellant's ability to pay.

In 1983, the trial court entered its judgment dissolving the marriage of the parties. The judgment called for $400 per month child support payments by appellant. Appellant filed a motion in June 1986, asking that his child support obligation be reduced and that payments in arrears be forgiven.

On October 1, 1986, the trial court continued the case until January 16, 1987, "for a factual hearing to determine the amount of the arrearages which exist in this matter and [appellant's] ability to pay child support." Pending the further hearing (for the months of July through December 1986), appellant was ordered to pay "temporary child support" of $50 per month.

In its February 1987 order, the trial court found: "That it is [appellant's] position that he could pay $250 a month support of his two children, considering his financial circumstances at the present time." The court found that appellant had grossed $12,886 in 1984, $13,209 in 1985, and about $10,000 in 1986. With only these findings as a basis for its conclusions, the trial court refused to decrease appellant's child support award, except for a temporary reduction to $250 a month for the months of February through July 1987.[1]

On appeal, Anderson claims that the trial court findings do not justify the decision to "increase" his child support on August 1, 1987. In other words, appellant construes the trial court's 1987 decision as a modification downward to $250 followed by a modification upward to $400. This is a misconstruction of the trial court's order. As the majority opinion indicates, the court did not make an upward modification. It does not follow, however, that the trial court could act without making findings on appellant's ability to pay child support.

Without findings on appellant's ability to pay, or another indication that the trial court considered the facts as to appellant's ability to pay, the law commands us to remand the case rather than to affirm. *Moylan v. Moylan*, 384 N.W.2d 859, 864–65 (Minn.1986) (holding it improper to independently review the record to find support for a trial court's decision, so long as it is unclear whether the trial court considered statutory factors). The dictates of *Moylan* should be applied. The following examination of the issues in the case details missing findings which are critical in the case.

Appellant seeks a downward modification of his child support obligation. He is entitled to modification relief if his earnings have substantially decreased or if his needs have substantially increased, and if these changes make the original award unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1986). Although appellant showed his income was drastically reduced, and claimed that he was not able to pay $400 a month, the trial court did not determine whether the original obligation had become unfair. *See Erickson v. Erickson*, 385 N.W.2d 301, 303 (Minn.1986) (need for trial court findings on unfairness). The court did not make findings identifying the expected amount of appellant's 1987 income or the extent of his anticipated, reasonable and necessary expenses.

If appellant has had a substantial change in circumstances making the original order unreasonable and unfair, entitling him to a modification of his obligation, the trial court must proceed to redetermine the

---

1. The majority suggests appellant can return to the court later to seek reductions in support effective in August 1987. We cannot so easily disregard the importance of the trial court's last decision. By the time our decision is filed, appellant's $400 monthly obligation will have been in effect for nine months. The trial court has made clear its posture against forgiving any payments of appellant in arrears and a recent statutory amendment precludes any forgiveness for periods preceding the date of a modification motion. Minn.Stat. § 518.64, subd. 2 (Supp. 1987). Moreover, any future plea for modification is imperiled by the prospect for argument that relevant changes in circumstances include only those occurring after the last child support adjudication, namely, the trial court's temporary reprieve ordered in February 1987. *See Kiesow v. Kiesow*, 270 Minn. 374, 384, 133 N.W. 2d 652, 660 (1965); *see also Blomgren v. Blomgren*, 386 N.W.2d 378, 380–81 n. 2 (Minn.Ct.App. 1986). Finally, the trial court's decision here is a final, appealable order. We cannot create a class of almost-final decisions, those which could be rectified through repeated pleas to the trial court for modification, without wrongfully impairing a legitimate right for appellate review.

amount of appellant's support obligation. *Moylan*, 384 N.W.2d at 864. A decision of that kind requires that the court address the statutory factors for determination of the amount of support. Minn.Stat. § 518.551, subd. 5 (1986). Under this statute, the court should consider a guidelines chart, and must also consider the "other factors" set forth in the statute. *Id.*, subd. 5(a), (b). The resources of appellant are among the factors requiring consideration. *Id.*, subd. 5(b). *See Scearcy v. Mercado*, 410 N.W.2d 43, 45–46 (Minn.Ct.App.1987). Thus, to set support, the trial court would have to determine appellant's present income and necessary expenses, demonstrating his ability to pay.

Appellant produced evidence indicating that his present monthly net earnings are between $900 and $1083. He submitted an affidavit showing expenses of about $800 per month, plus a court fine, plus $228 per month in installment payments. It is unclear to what extent the installment payments are on debt necessarily incurred by appellant. *See* Minn.Stat. § 518.551, subd. 5(c). Given this evidence, there is a legitimate question whether appellant has the ability to pay $400 a month support. The law does not permit us to affirm the trial court's decision absent further findings of fact.

I agree that the trial court had discretion to deny forgiveness of arrearages, even if nonpayment of the arrearages occurred without bad faith toward the support obligation. I respectfully dissent from the decision to affirm the trial court's denial of the motion for a downward modification of the ongoing support award.