**In Re the Marriage of Gloria D'HEIL-LY, f/k/a Gloria Gunderson, Petitioner, Respondent,**

**v.**

**Brian GUNDERSON, Appellant.**

**No. C6–88–571.**

Court of Appeals of Minnesota.

Aug. 30, 1988.

lieve operators would comprehend the danger. *See, e.g., Frey v. Montgomery Ward & Co.,* 258 N.W.2d 782, 786 (Minn.1977).

Paul K. Legler, Fargo, N.D., for petitioner, respondent.

Michael O'Neel, Fargo, N.D., for appellant.

Considered and decided by WOZNIAK, C.J., and CRIPPEN and SHORT, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Brian Gunderson contends the trial court abused its discretion in calculating child support, in failing to order equal contribution to the children's medical expenses, and in failing to award attorney

fees. We affirm in part, but reverse and remand on the determination of the amount of respondent's child support obligation.

## FACTS

Brian Gunderson and respondent Gloria D'Heilly were divorced in August 1980. The parties have three children, ages 19, 16, and 15. At the time of the dissolution, respondent was given physical custody of the three children, all of whom were minors in 1980. She subsequently remarried.

On November 14, 1986, physical custody of the two youngest children was transferred to appellant. Following the November 14 hearing, the trial court found the mother had the physical ability to contribute child support, but reserved determination of child support until a May 1987 hearing. At this time both respondent and her husband were unemployed, in the process of adopting an infant, and moving out of state to find employment. After settling in New Jersey, both D'Heilly and her husband found employment.

Appellant then moved for reasonable child support, medical expenses, and attorney fees. The trial court's amended findings listed Gunderson's monthly expenses at $1773 and his net income at $1728. D'Heilly's monthly net income was found to be $949. Her husband's monthly net income was $1823, and the couple's monthly expenses were approximately $2100.

Before applying the guidelines table listed in Minn.Stat. § 518.551, subd. 5(a) (1986), the trial court adjusted D'Heilly's monthly income to $744 by subtracting $225, an amount equaling one-third of her infant child's $670 monthly expenses, a share equal to the percentage of family income she earned. The court then determined her $166.50 monthly support obligation according to the statutory guidelines, 23 percent of $744. If the guidelines table was applied to a monthly income of $949, the parties' two minor children would be entitled to monthly support of approximately $265, 28 percent of $949.

The trial court found that support payments should commence on September 1, 1987, given the earlier financial difficulties encountered by D'Heilly. The court found Gunderson responsible for the children's medical expenses, and ruled that neither party was entitled to attorney fees.

Appellant claims the trial court abused its discretion in factoring the expense of respondent's subsequent child into the guidelines table. He also contends the court gave erroneous attention to her private debts, overstated the needs of the subsequent child, and erred in failing to make the support award retroactive to the time he received custody. Finally, he claims the trial court abused its discretion in failing to award attorney fees.

## ISSUE

Was the trial court's calculation of child support an abuse of discretion?

## ANALYSIS

The trial court has broad discretion to determine child support, and its decision will be upheld unless it is clearly erroneous. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). If the child support determination has a reasonable factual basis, it must be affirmed. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

■ We conclude the trial court abused its discretion by relying excessively on the needs of the subsequent child. Given the income circumstances of respondent, it is error to assume that she should pay more for the child now in her custody than either of the children from her previous marriage.

In determining support, "[c]hildren by a subsequent marriage, while relevant to a trial court's decision, are not to be factored into the child support guidelines tables in Minn.Stat. § 518.551, subd. 5 (1984)." *Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986). However, the expenses attributable to a subsequent child may be considered as a factor in determining the obligor's resources. *Scearcy v. Mercado*, 410 N.W.2d 43, 46 (Minn.Ct.App.1987); *County of Ramsey v. Faulhaber*, 399 N.W.2d 617, 619 (Minn.Ct.App.1987).

The trial court provided for respondent's contribution of $225 for her subsequent child, but ordered her to pay only $84.25 for each of her other children. In other words, the court assumed a total child support expenditure of $391.50, and set aside 58 percent of that sum for the child now in her care. This excessively defers to the subsequent child, and we remand the case for the trial court to redetermine respondent's child support obligation. The court should consider needs of the child now in respondent's care, but limit that consideration to a contribution made by respondent which does not exceed support awarded to the two prior children.

■ Although Minn.Stat. § 518.551, subd. 5 permits consideration of subsequent children, it does not permit an allotment for that child which exceeds support obligations for previous children. Aside from the reasonableness of this limitation, we are influenced by observing that the statute is deferential to a prior support obligation, providing that earlier support obligations may be considered to reduce an obligor's income before application of the guidelines table. *See* Minn.Stat. § 518.551, subd. 5(a); *Scearcy*, 410 N.W.2d at 46 n. 4. For low or moderate income obligors, calculation of a support obligation under the "reduced ability" approach almost always will provide more support for earlier children than later children.

■ Gunderson also claims that the trial court reduced D'Heilly's support obligation by considering private debts without making the sufficient findings under Minn.Stat. § 518.551, subd. 5(c). There is no indication in the record that debts of respondent were included in the court's estimate of her family expenses. Of even greater import, the court's calculation of support was founded on considerations exclusive of total family expenses.

■ Appellant next contends the trial court abused its discretion in commencing child support on September 1, 1987, rather than November 14, 1986, or April 6, 1987. The trial court found that respondent's unemployment, her move to New Jersey, and other financial circumstances warranted that support be left open. The court did not abuse its discretion in commencing the support payments on September 1, 1987.

Finally, Gunderson claims the trial court abused its discretion in failing to order equal contribution to the children's medical expenses, and in failing to award attorney fees. The trial court's rulings on medical expenses and attorney fees were not an abuse of discretion.

### DECISION

The trial court erred in calculating child support, but the appeal is otherwise without merit.

Affirmed in part, reversed in part, and remanded.